## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **VISION BANK,** | : | |
| **Plaintiff,** | : | |
| v. | : | **CIVIL ACTION NO. 1:10-CV-521** |
| **145, LLC; SCOTT D. DEICHMANN,** | : | |
| **JAMES DALTON, CYNTHIA C.** | : | |
| **KESSLER and DAVID J.** | : | |
| **LUKINOVICH,** | : | |
| **Defendants.** | : | |

## FIRST AMENDED ANSWER
## WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM

COMES NOW Defendant David J. Lukinovich, by and through undersigned counsel, and

hereby amends his response to the Complaint of Plaintiff so that the same shall read as follows:

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **VISION BANK,** | : | |
| **Plaintiff,** | : | |
| v. | : | **CIVIL ACTION NO. 1:10-CV-521** |
| **145, LLC; SCOTT D. DEICHMANN,** | : | |
| **JAMES DALTON, CYNTHIA C.** | : | |
| **KESSLER and DAVID J.** | : | |
| **LUKINOVICH,** | : | |
| **Defendants.** | : | |

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Statute of Frauds.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by lack or failure of consideration.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Accord and Satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Release.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by its failure to mitigate its damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to act reasonably,

prudently, and in accordance with its own legal and contractual obligations.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its unclean hands.

2

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by their illegality.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of setoff and recoupment.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by in pari delicto.

## FOURTEENTH AFFIRMATIVE DEFENSE

The loans made the basis of this claim may have been unauthorized without evidence of the

borrower having been authorized to execute certain of the loan documents.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Plaintiff's own fraud, misrepresentation and deceit in the

inducement.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its failure to disclose changes in material terms.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by failure to join all necessary and indispensable parties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its breach of its duties of good faith and fair dealing.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced by its foreclosure of the collateral and Defendant is

entitled to a set off for the value of the collateral.

3

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its own purchase of the property at the foreclosure sale for a sum so inadequate as to shock the conscience.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its failure to conduct the foreclosure in good faith and to properly notice the sale and take all reasonable measures to provide for the receipt of the maximum sales price for the property at foreclosure.

## ANSWER

1.      Defendant is without information sufficient to admit or deny the allegations of Paragraph 1. Therefore, they are denied.

2.      Defendant is without information sufficient to admit or deny the allegations of Paragraph 2. Therefore, they are denied.

3.      Defendant is without information sufficient to admit or deny the allegations of Paragraph 3. Therefore, they are denied.

4.      Defendant is without information sufficient to admit or deny the allegations of Paragraph 4. Therefore, they are denied.

5.      Defendant is without information sufficient to admit or deny the allegations of Paragraph 5. Therefore, they are denied.

6.      Defendant is without information sufficient to admit or deny the allegations of Paragraph 6. Therefore, they are denied.

7.      The allegations of Paragraph 7 of Plaintiff's Complaint constitute a statement of opinion rather than allegations of fact. As such, they require no response of this Defendant. In the

4

event they may be found to require a response, they are denied.

8.      Defendant is without information sufficient to admit or deny the allegations of Paragraph 8. Therefore, they are denied.

9.      Defendant is without information sufficient to admit or deny the allegations of Paragraph 9. Therefore, they are denied.

10.     The allegations of Paragraph 10 of Plaintiff's Complaint do not relate to this Defendant. As such, they require no response of this Defendant. In the event they may be found to require a response, they are denied.

11.     The allegations of Paragraph 11 of Plaintiff's Complaint constitute a statement of opinion rather than allegations of fact. As such, they require no response of this Defendant. In the event they may be found to require a response, they are denied.

12.     The allegations of Paragraph 12 of Plaintiff's Complaint constitute a statement of opinion rather than allegations of fact. As such, they require no response of this Defendant. In the event they may be found to require a response, they are denied.

13.     The allegations of Paragraph 13 of Plaintiff's Complaint do not relate to this Defendant. In the event they may be found to require a response, they are denied.

14.     Defendant adopts and incorporates his responses to Paragraphs 1 through 13 as if fully set forth herein.

15.     Defendant is without information sufficient to admit or deny the allegations of Paragraph 15. Therefore, they are denied.

16.     Defendant is without information sufficient to admit or deny the allegations of Paragraph 16. Therefore, they are denied.

5

17.     Defendant is without information sufficient to admit or deny the allegations of Paragraph 17. Therefore, they are denied.

18.     The allegations of Paragraph 18 of Plaintiff's Complaint constitute a statement of opinion rather than allegations of fact. As such, they require no response of this Defendant. In the event they may be found to require a response, they are denied.

19.     Defendant is without information sufficient to admit or deny the allegations of Paragraph 19. Therefore, they are denied.

20.     Defendant is without information sufficient to admit or deny the allegations of Paragraph 20. Therefore, they are denied.

21.     Defendant is without information sufficient to admit or deny the allegations of Paragraph 21. Therefore, they are denied.

22.     Defendant is without information sufficient to admit or deny the allegations of Paragraph 22. Therefore, they are denied.

23.     Defendant is without information sufficient to admit or deny the allegations of Paragraph 23. Therefore, they are denied.

24.     Defendant is without information sufficient to admit or deny the allegations of Paragraph 24. Therefore, they are denied.

25.     Defendant is without information sufficient to admit or deny the allegations of Paragraph 25. Therefore, they are denied.

26.     Defendant is without information sufficient to admit or deny the allegations of Paragraph 26. Therefore, they are denied.

27.     Defendant is without information sufficient to admit or deny the allegations of

6

Paragraph 27. Therefore, they are denied.

28.     Defendant is without information sufficient to admit or deny the allegations of Paragraph 28. Therefore, they are denied.

29.     Defendant is without information sufficient to admit or deny the allegations of Paragraph 29. Therefore, they are denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     The allegations of Paragraph 33 of Plaintiff's Complaint constitute a statement of opinion rather than allegations of fact. As such, they require no response of this Defendant. In the event they may be found to require a response, they are denied.

34.     Denied.

35.     The allegations of Paragraph 35 of Plaintiff's Complaint constitute a statement of opinion rather than allegations of fact. As such, they require no response of this Defendant. In the event they may be found to require a response, they are denied.

36.     The allegations of Paragraph 36 of Plaintiff's Complaint constitute a statement of opinion rather than allegations of fact. As such, they require no response of this Defendant. In the event they may be found to require a response, they are denied.

37.     The allegations of Paragraph 37 of Plaintiff's Complaint constitute a statement of opinion rather than allegations of fact. As such, they require no response of this Defendant. In the event they may be found to require a response, they are denied.

38.     The allegations of Paragraph 38 of Plaintiff's Complaint constitute a statement of

7

opinion rather than allegations of fact. As such, they require no response of this Defendant. In the event they may be found to require a response, they are denied.

## COUNT ONE

39. Defendant adopts and incorporates his responses to Paragraphs 1 through 38 as if fully set forth herein.

40. The allegations of Paragraph 40 of Plaintiff's Complaint constitute a statement of opinion rather than allegations of fact. As such, they require no response of this Defendant. In the event they may be found to require a response, they are denied.

41. The allegations of Paragraph 41 of Plaintiff's Complaint constitute a statement of opinion rather than allegations of fact. As such, they require no response of this Defendant. In the event they may be found to require a response, they are denied.

42. Denied.

43. Denied.

## COUNT TWO

44. Defendant adopts and incorporates his responses to Paragraphs 1 through 43 as if fully set forth herein.

45. The allegations of Paragraph 45 of Plaintiff's Complaint do not relate to this Defendant. In the event they may be found to require a response, they are denied.

46. Denied.

## COUNTERCLAIM

NOW COMES Defendant/Counterclaimant Lukinovich and for his Counterclaim against Vision Bank asserts as follows:

8

## **FACTS**

1.     Vision Bank filed its civil action on September 22, 2010.

2.     On or about September 27, 2010, unbeknownst to Mr. Lukinovich, Vision Bank sent a certified letter regarding initiating foreclosure proceedings to Mr. Alan M. Thames. At the time Vision Bank purported to notify the LLC of the foreclosure, Vision Bank and its agents were well aware that Mr. Thames was deceased.

3.     Vision Bank als o apparently sent a copy of the certified letter regarding the foreclosure sale to 145, LLC, addressed at 1000 Riverbend Blvd., Suite A, St. Rose, Louisiana. At that time, Vision Bank and its agents were fully aware that 1000 Riverbend Blvd. was not a proper address for 145, LLC.

4.     On information and belief, another copy of the certified letter regarding the foreclosure sale was sent to the original seller of the subject property who was not a member of 145, LLC.

5.     Although Vision Bank and its agents did make an attempt to publish a copy of its notice to foreclose in *The Islander* newspaper, notice by this publication only did not comport with Alabama law and/or due process or the obligation of Vision Bank under the loan documents.

6.     Moreover, Vision Bank and its agents knew that 145, LLC is a Louisiana company and that 145, LLC's members as well as the alleged guarantors were all located outside the State of Alabama. As a matter of fact, Vision Bank and its agents manipulated the foreclosure process in a manner designed to avoid notifying 145, LLC, its members, and the alleged guarantors of the foreclosure sale of the subject property.

7.     Vision Bank failed to properly give notice of foreclosure to 145, LLC. Vision Bank

9

failed to disclose the fact that it was selling the property and did not notify the members who are allegedly guarantors of the foreclosure sale of the property.

8.      Vision Bank served this civil action on James Dalton, Scott Deichmann and David Lukinovich, individually, who allegedly guaranteed the indebtedness of 145, LLC and are members of 145, LLC. However, Vision Bank did not send notification of the initiation of the foreclosure proceedings and intended sale to James Dalton, Scott Deichmann and David Lukinovich, individually or their counsel with whom it had been previously dealing, despite having actual knowledge of the proper address for serving the defendants/counterclaim plaintiffs.

9.      On information and belief, Vision Bank and its agents were advised of potential purchasers interested in the subject property before serving notice of the foreclosure sale. It is alleged that Vision Bank rigged the foreclosure notice and the foreclosure sale in a manner designed to allow Vision Bank, its agents, and/or its affiliates to purchase the subject property in a manner which was not commercially reasonable and for an amount which was remarkably below fair value.

10.     On information and belief, Vision Bank was the only ready, willing and able bidder on the subject property at the foreclosure sale. As a result, Vision Bank was able to purchase the property at the foreclosure sale for only $1,750,000 when the property was previously sold to 145, LLC for approximately $14,000,000 in 2005 of which approximately $9,000,000 was financed through Vision Bank and allegedly owed by 145, LLC.

11.     Vision Bank failed to conduct a commercially reasonable sale of the property in order to purchase the property itself at a low price to the harm and detriment of 145, LLC, its members and the alleged guarantors including Defendant/Counterclaim Plaintiff Lukinovich. Vision Bank engaged in conduct constituting a lack of good faith and fair dealing by selling the property to itself

10

at a price markedly less than the value of the property thereby causing damage to the 145, LLC, its members and the alleged guarantors.

## COUNTERCLAIM ONE
## BREACH OF CONTRACT

12.    Defendant/Counterclaim Plaintiff adopts and incorporates the allegations in Paragraphs 1 through 11 as if fully set forth herein.

13.    To the extent a valid binding contract existed between Vision Bank and 145, LLC or the alleged guarantors, Vision Bank owed a duty of good faith and fair dealing towards 145, LLC and the alleged guarantors including this Defendant/Counterclaim Plaintiff.

14.    Moreover, Vision Bank was required to honor its obligations under the agreement with 145, LLC and under any guaranty.

15.    Vision Bank breached the duty of good faith and fair dealing and its obligations under the loan documents by rigging the foreclosure notice and the foreclosure sale in a manner which deprived 145, LLC and the alleged guarantors including this Defendant/Counterclaim Plaintiff of their rights in the agreement and in the subject property.

16.    Vision Bank also failed to honor its obligations under the agreement with 145, LLC and under any guaranty.

17.    As a result of Vision Bank and/or its agents' conduct, Defendant/Counterclaim Plaintiff Lukinovich has suffered damages and other losses in an amount which has not yet been determined.

WHEREFORE, PREMISES CONSIDERED, Defendant/Counterclaim Plaintiff Lukinovich requests judgment against Plaintiff/Counterclaim Defendant in an amount to be determined by a jury,

11

plus attorney fees, interest, costs and/or any other equitable relief to which he may be entitled.

## COUNTERCLAIM TWO
## WRONGFUL FORECLOSURE

18.     Defendant/Counterclaim Plaintiff adopts and incorporates the allegations in Paragraphs 1 through 17 as if set forth herein.

19.     By rigging the foreclosure notice and the foreclosure sale in a manner which deprived 145, LLC and the alleged guarantors including this Defendant/Counterclaim Plaintiff of their rights in the agreement and in the subject property, Vision Bank is liable for wrongful foreclosure.

20.     More specifically, Vision bank acted in violation of Ala. Code §§ 35-10-1 et. seq. and in violation of the common law of the State of Alabama.

21.     Furthermore, Vision Bank used legal process provided by the State of Alabama in a manner which violated 145, LLC and the alleged guarantors including this Defendant/Counterclaim Plaintiff's rights to due process under the United States Constitution.

22.     As a result of Vision Bank and/or its agents' conduct, Defendant/Counterclaim Plaintiff Lukinovich has suffered damages and other losses including mental and emotional distress in an amount which has not yet been determined.

WHEREFORE, PREMISES CONSIDERED, Defendant/Counterclaim Plaintiff Lukinovich requests judgment against Plaintiff/Counterclaim Defendant in an amount to be determined by a jury, plus attorney fees, interest, costs and/or any other equitable relief to which he may be entitled.

## COUNTERCLAIM THREE
## DECLARATORY JUDGMENT

23.     Defendant/Counterclaim Plaintiff adopts and incorporates the allegations contained in Paragraphs 1 through 22 as if fully set forth herein.

12

24.     This Defendant avers that a justiciable controversy exists between the parties concerning the rights and obligations of this Defendant to Plaintiff. Pursuant to Title 28, U.S.C., § 2201 and Rule 57 of the Federal Rules of Civil Procedure, Defendant Counterclaim Plaintiff requests judgment concerning whether the subject foreclosure was conducted in an unlawful manner to include: 1) whether the foreclosure notice was deficient; 2) whether the foreclosure was properly served in accordance with the laws of the State of Alabama; 3) whether the foreclosure notice and/or service thereof afforded due process to this Defendant as required by the United States Constitution; 4) whether the foreclosure sale was conducted in a commercially reasonable manner; 5) whether the foreclosure notice and/or service thereof violated the Code of Alabama (1975), §§ 35-10-1 et. seq., and the loan documents: 6) whether the foreclosure notice and/or service thereof violated due process as required by the United States Constitution; 7) whether Vision Bank's conduct in the foreclosure process violated the duty of good faith and fair dealing; 8) whether Vision Bank acted in breach of any agreement or guaranty through its conduct; 9) whether the principles of contract or equity prohibit Vision Bank from recovery against 145, LLC, its members, or the alleged guarantors; and 9) whether the foreclosure sale is void and/or unenforceable.

25.     Vision Bank's conduct threatens the legal rights of 145, LLC, its members, and the alleged guarantors such that a judgment from this Court is necessary to terminate the controversy between the parties.

WHEREFORE, PREMISES CONSIDERED, Defendant/Counterclaim Plaintiff respectfully requests:

A.     That this Honorable Court order, adjudge and decree that there exists a justiciable controversy between the parties involving the construction and/or validity of an

13

instrument, contract, or other document(s) pursuant to Title 38, U.S.C., § 2201;

B.      That the Court allow discovery on all issues of fact;

C.      That the Court find that the exercise of jurisdiction will resolve the controversy between the parties;

D.      That the Court exercise jurisdiction over all matters referenced herein to resolve the controversy between the parties;

E.      Upon final hearing of this cause, that the Court declare the rights, status and legal relationship of the parties;

F.      Upon final hearing of this cause, that the Court order, adjudge and decree the foreclosure notice, sale and transfer to be unenforceable and void;

G.      That the Court allow all issues of fact to be decided by a jury;

H.      That the Court grant such further relief as necessary or proper; and

I.      That the Court award such damages, costs and attorney's fees to Plaintiff in Counterclaim as is equitable and just.

## JURY DEMAND

Defendant/Counterclaim Plaintiff David J. Lukinovich hereby demands a trial by jury.

Respectfully submitted,

*s/George R. Irvine, III*
GEORGE R. IRVINE, III (IRVIG4725)
Attorney for Defendant/Counterclaim Plaintiff David J. Lukinovich

OF COUNSEL:
STONE, GRANADE & CROSBY, P.C.
7133 Stone Drive
Daphne, AL 36526

14

Telephone:  626-6696
Facsimile:  626-2617
E-Mail:  gri@sgclaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of December, 2010, the foregoing document was electronically filed, using the CM/ECF system, which will send notification of each filing to the following:

Allen E. Graham, Esq.
Ashley E. Swink, Esq.
Robert C. Matthews, Esq.
Phelps Dunbar, LLP
P.O. Box 2727
Mobile, AL 36652

I. David Cherniak, Esq.
Kimberly L. Bell, Esq.
Johnstone, Adams, Bailey, Gordon &
 Harris, LLC
P.O. Box 1988
Mobile, AL 36633

Michael S. Lucado, Esq.
Lucado Law Firm
1 Perimeter Park South, Suite 125S
Birmingham, AL 35243

*s/George R. Irvine, III*
GEORGE R. IRVINE, III

00152047.WPD

15