IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VISION BANK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    CASE NO. CV-1:10-cv-521 |
| 145, LLC; SCOTT D. DEICHMANN; | ) |
| JAMES DALTON; CYNTHIA C. | ) |
| KESSLER; and DAVID J. | ) |
| LUKINOVICH, | ) |
| | ) |
|     Defendants. | ) |

**ANSWER OF DEFENDANT CYNTHIA C. KESSLER**

COMES NOW, Defendant Cynthia C. Kessler ("Kessler") and for her Answer to the Plaintiff's Complaint, states as follows:

**Parties, Jurisdiction, Venue, and Service of Process**

1. Defendant Kessler is without sufficient information to admit or deny the allegations contained in Plaintiff's Paragraph 1. Therefore, out of an abundance of caution, the same are denied, and Kessler demands strict proof thereof.

2. Defendant Kessler is without sufficient information to admit or deny the allegations contained in Plaintiff's Paragraph 2, including subsections (a) – (f). Therefore, out of an abundance of caution, the same are denied, and Kessler demands strict proof thereof.

3. Defendant Kessler is without sufficient information to admit or deny the allegations contained in Plaintiff's Paragraph 3. Therefore, out of an abundance of caution, the same are denied, and Kessler demands strict proof thereof.

4. Defendant Kessler is without sufficient information to admit or deny the allegations contained in Plaintiff's Paragraph 4. Therefore, out of an abundance of caution, the same are denied, and Kessler demands strict proof thereof.

5. Admitted.

6. Defendant Kessler is without sufficient information to admit or deny the allegations contained in Plaintiff's Paragraph 6. Therefore, out of an abundance of caution, the same are denied, and Kessler demands strict proof thereof.

7. The allegations contained in Plaintiff's Paragraph 7 do not appear to require a response from this Defendant. However, out of an abundance of caution, Defendant denies the same and demands strict proof thereof.

8. Defendant Kessler is without sufficient information to admit or deny the allegations contained in Plaintiff's Paragraph 8. Therefore, out of an abundance of caution, the same are denied, and Kessler demands strict proof thereof.

9. Defendant Kessler is without sufficient information to admit or deny the allegations contained in Plaintiff's Paragraph 9. Therefore, out of an abundance of caution, the same are denied, and Kessler demands strict proof thereof. In any event, the terms of the Promissory Note speak for themselves.

10. The allegations contained in Plaintiff's Paragraph 10 do not appear to apply to or require a response from this Defendant. However, out of an abundance of caution, Defendant denies the same and demands strict proof thereof.

11. Admitted. The terms of the Second Continuing Guaranty speak for themselves.

12. The allegations contained in Plaintiff's Paragraph 12 do not appear to apply to or require a response from this Defendant. However, out of an abundance of caution, Defendant denies the same and demands strict proof thereof.

13. The allegations contained in Plaintiff's Paragraph 13 do not appear to apply to or require a response from this Defendant. However, out of an abundance of caution, Defendant denies the same and demands strict proof thereof.

## Facts

14. Kessler adopts all responses hereinabove as if fully set forth herein.

15. Admitted that there was an agreement between the Bank and 145, LLC and that the terms of the Loan Agreement for Acquisition Financing speak for themselves.

16. Defendant Kessler is without sufficient information to admit or deny the allegations contained in Plaintiff's Paragraph 16. Therefore, out of an abundance of caution, the same are denied, and Kessler demands strict proof thereof.

17. Admitted that Kessler signed a guaranty agreement. The terms of the Unlimited Continuing Guaranty Agreements speak for themselves.

18. Admitted that Kessler signed a guaranty agreement. The terms of the Unlimited Continuing Guaranty Agreements speak for themselves.

19. Defendant Kessler is without sufficient information to admit or deny the allegations contained in Plaintiff's Paragraph 19. Therefore, out of an abundance of caution, the same are denied, and Kessler demands strict proof thereof. In any event, the terms of the Promissory Note speak for themselves.

20. Defendant Kessler is without sufficient information to admit or deny the allegations contained in Plaintiff's Paragraph 20. Therefore, out of an abundance of caution, the same are denied, and Kessler demands strict proof thereof.

21. Defendant Kessler is without sufficient information to admit or deny the allegations contained in Plaintiff's Paragraph 21. Therefore, out of an abundance of caution, the same are denied, and Kessler demands strict proof thereof.

22. Defendant Kessler is without sufficient information to admit or deny the allegations contained in Plaintiff's Paragraph 22. Therefore, out of an abundance of caution, the same are denied, and Kessler demands strict proof thereof.

23. Defendant Kessler is without sufficient information to admit or deny the allegations contained in Plaintiff's Paragraph 23. Therefore, out of an abundance of caution, the same are denied, and Kessler demands strict proof thereof.

24. Defendant Kessler is without sufficient information to admit or deny the allegations contained in Plaintiff's Paragraph 24. Therefore, out of an abundance of caution, the same are denied, and Kessler demands strict proof thereof.

25. Defendant Kessler is without sufficient information to admit or deny the allegations contained in Plaintiff's Paragraph 25. Therefore, out of an abundance of caution, the same are denied, and Kessler demands strict proof thereof.

26. Defendant Kessler is without sufficient information to admit or deny the allegations contained in Plaintiff's Paragraph 26. Therefore, out of an abundance of caution, the same are denied, and Kessler demands strict proof thereof.

27.     Defendant Kessler is without sufficient information to admit or deny the allegations contained in Plaintiff's Paragraph 27.  Therefore, out of an abundance of caution, the same are denied, and Kessler demands strict proof thereof.

28.     Defendant Kessler is without sufficient information to admit or deny the allegations contained in Plaintiff's Paragraph 28.  Therefore, out of an abundance of caution, the same are denied, and Kessler demands strict proof thereof.

29.     Defendant Kessler is without sufficient information to admit or deny the allegations contained in Plaintiff's Paragraph 29.  Therefore, out of an abundance of caution, the same are denied, and Kessler demands strict proof thereof.

30.     Denied.

31.     Denied.

32.     Denied.

33.     The allegations contained in Plaintiff's Paragraph 33 do not appear to require a response from this Defendant.  However, out of an abundance of caution, Defendant denies the same and demands strict proof thereof.

34.     Denied.  The Bank foreclosed without Defendant Kessler's knowledge and without providing proper notice.  Further any amount credited to the account was insufficient in light of the manner in which the Bank conducted the foreclosure sale.

35.     Defendant Kessler is without sufficient information to admit or deny the allegations contained in Plaintiff's Paragraph 35.  Therefore, out of an abundance of caution, Defendant denies the same and demands strict proof thereof.

36.     Admitted that that documents may provide for recovery of attorneys' fees; however, the Bank is prohibited from recovering attorneys' fees due to, among other things, its

own conduct in breaching fiduciary duties a mortgagee owes to a mortgagor, acting inequitably, and acting with unclean hands.

37. Admitted that that documents may provide for recovery of attorneys' fees; however, the Bank is prohibited from recovering attorneys' fees due to, among other things, its own conduct in breaching fiduciary duties a mortgagee owes to a mortgagor, acting inequitably, and acting with unclean hands.

38. Admitted that that documents may provide for recovery of attorneys' fees; however, the Bank is prohibited from recovering attorneys' fees due to, among other things, its own conduct in breaching fiduciary duties a mortgagee owes to a mortgagor, acting inequitably, and acting with unclean hands.

## COUNT ONE
### (Breach of Contract)

39. Kessler adopts all responses hereinabove as if fully set forth herein.

40. Defendant Kessler is without sufficient information to admit or deny the allegations contained in Plaintiff's Paragraph 40.  Therefore, out of an abundance of caution, the same are denied, and Kessler demands strict proof thereof.

41. Defendant Kessler is without sufficient information to admit or deny the allegations contained in Plaintiff's Paragraph 41.  Therefore, out of an abundance of caution, the same are denied, and Kessler demands strict proof thereof.

42. Denied.

43. Denied.

## COUNT TWO
### (Guaranty Obligations)

44. Kessler adopts all responses hereinabove as if fully set forth herein.

45.     The allegations contained in Plaintiff's Paragraph 45 do not appear to apply to or require a response from this Defendant.  However, out of an abundance of caution, Defendant denies the same and demands strict proof thereof.

46.     Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE'

Plaintiff's claims are barred by the Statute of Frauds.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by lack or failure of consideration.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of Accord and Satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of Release.

### SIXTH AFFIRMATIVE DEFENSE

Defendant Kessler is not responsible for the actions or conduct of any other party as there was no agency relationship or any authority for any other party to act in the manner they did.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and/or release.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by its failure to mitigate its damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to act reasonably, prudently, and in accordance with its own legal and contractual obligations.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its illegality.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of setoff, payment, and/or recoupment.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by in pari delicto.

### FOURTEENTH AFFIRMATIVE DEFENSE

The loans made the basis of this claim may have been unauthorized without evidence of the borrower having been authorized to execute any of the loan documents.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Plaintiff's own fraud, illegality, misrepresentation and deceit in the inducement.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its own acts, omissions, and negligence, which caused and/or contributed to any such damage it alleges.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the commercial impracticability of the sale.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its own frustration of the purpose of the contract.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its failure to disclose changes in material terms.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its failure to join all necessary and indispensable parties.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its breach of its duties of good faith and fair dealing.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant reserves the right to assert all counterclaims and cross-claims that she may discover during the conduct of discovery in this action.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced by its seizure of the collateral.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set off for the value of the collateral.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its own purchase of the property at the foreclosure sale for a sum so inadequate as to shock the conscience.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its failure to provide proper notice of the sale of the property and failure to conduct said sale in a commercially reasonable manner.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its failure to conduct the foreclosure in good faith and to offer the property by parcels and to advertise the sale and take all reasonable measures to obtain the maximum sales price for the property at foreclosure.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant denies each and every allegation not explicitly admitted herein.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRTIETH AFFIRMATIVE DEFENSE

The default interest rate of eighteen percent (18%) is unenforceable as unconscionable.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The default interest rate of eighteen percent (18%) is a penalty and therefore void as against public policy.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its own breach of its fiduciary duties a mortgagee owes a mortgagor to provide proper notice of a foreclosure sale and to obtain an adequate price at the sale.

### COUNTERCLAIM

Defendant Kessler asserts the following Counterclaims against Plaintiff, and in support thereof states as follows:

1. Defendant Kessler is an adult citizen of the State of Louisiana.

2. Upon information and belief, Plaintiff Vision Bank is a Florida corporation with its principal place of business in Panama City, Florida.

## COUNT ONE
### (Wrongful Foreclosure)

3.      Defendant Kessler adopts all responses hereinabove as if fully set forth herein.

4.      Vision Bank had a duty of good faith and fair dealing to conduct the foreclosure sale in a manner compliant with *Ala. Code* §§ 35-10-1 *et seq.* and 35-10-11 *et seq.*

5.      Vision Bank breached this duty.  Specifically, Vision Bank failed to provide sufficient notice of the foreclosure sale on Defendant Kessler.  Upon information and belief, despite Vision Bank's awareness of other potential purchasers interested in the property at issue, Vision Bank was the only ready, willing, and able bidder at the sale of the property.  Vision Bank was under a duty to obtain the best possible price for this property.  However, Vision Bank breached this duty by purchasing the subject property at a shockingly low cost of $1,750,000.00 when the property had been sold in 2005 for $14,000,000.00, $8,933,000.00 of which was financed through Plaintiff Bank.

6.      The conduct of Vision Bank constitutes a commercially unreasonable sale of the subject property and proximately caused injury and loss to Defendant Kessler.  Vision Bank neglected to honor the obligations owed to Defendant Kessler.

WHEREFORE, Defendant/Counterclaim Plaintiff Kessler respectfully requests judgment against Plaintiff/Counterclaim Defendant, Vision Bank, in an amount to be determined by a jury, plus reasonable attorneys' fees, interest, costs of court, and any other or further relief to which Defendant Kessler is so entitled.

## COUNT TWO
### (Breach of Contract)

7.      Defendant Kessler adopts all responses hereinabove as if fully set forth herein.

8.      Vision Bank was under a duty to act reasonably in good faith and fair dealing

with respect to Defendant Kessler.  Vision Bank was further required to comply with its obligations under any agreement or guaranty with Defendant Kessler.

9. Vision Bank breached its duty to act reasonably in good faith and fair dealing and failed to follow the obligations of any agreement or guaranty to which it and Defendant Kessler were parties.

10. Specifically, Vision Bank failed to provide proper notice of the foreclosure sale to Defendant Kessler, failed to obtain an adequate price on the property, and paid a shockingly low amount for the property as the sole bidder ready, able, and willing to purchase the property at the sale.

11. The conduct of Vision Bank constitutes a commercially unreasonable sale of the subject property and proximately caused injury and loss to Defendant Kessler.  Vision Bank neglected to honor the obligations owed to Defendant Kessler.

WHEREFORE, Defendant/Counterclaim Plaintiff Kessler respectfully requests judgment against Plaintiff/Counterclaim Defendant, Vision Bank, in an amount to be determined by a jury, plus reasonable attorneys' fees, interest, costs of court, and any other or further relief to which Defendant Kessler is so entitled.

## COUNT THREE
### (Declaratory Judgment Setting aside the Foreclosure Sale)

12. Defendant Kessler adopts all responses hereinabove as if fully set forth herein.

13. Vision Bank had a duty of good faith and fair dealing to conduct the foreclosure sale in a manner compliant with *Ala. Code* §§ 35-10-1 *et seq.* and 35-10-11 *et seq.*  Vision Bank manipulated the foreclosure process to avoid providing proper notice of the intended foreclosure to Defendant Kessler, i.e. no actual notice.

14.   Further, despite Vision Bank's awareness of other potential purchasers interested in the property, Vision Bank was the only ready, willing, and able bidder at the sale of the property. Vision Bank was under a duty to obtain the best possible price for this property. However, Vision Bank breached this duty by purchasing the subject property at a shockingly low cost of $1,750,000.00 when the property had been acquired by 145, LLC in 2005 for $14,000,000.00, $8,933,000.00 of which was financed through Plaintiff Bank.

15.   Vision Bank's failed to act in a commercially reasonable manner and breached the fiduciary duties a mortgagee owes a mortgagor by failing to provide notice of the sale and failing to obtain an adequate price at the sale.

16.   Defendant Kessler asserts that a justiciable controversy exists between the parties regarding the rights and obligations of each. Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, Defendant/Counterclaim Plaintiff Kessler respectfully requests a judgment addressing the subject foreclosure and whether it was conducted in an unlawful manner, including

   (a) Whether sufficient notice of the foreclosure was provided;

   (b) Whether the foreclosure notice and/or service of notice was properly served in accordance with Alabama law;

   (c) Whether the foreclosure notice and/or service of notice afforded due process to Defendant Kessler as required by the United States Constitution;

   (d) Whether the foreclosure sale was conducted in a commercially reasonable manner;

   (e) Whether the foreclosure notice and/or service of notice violated *Ala. Code* § 35-10-1 *et seq.* and/or § 35-10-11 *et seq.*;

   (f) Whether the foreclosure notice and/or service violated due process rights of Defendant Kessler;

   (g) Whether Vision Bank violated its duty of good faith and fair dealing in its conduct of the foreclosure sale and process;

(h) Whether Vision Bank breached any agreement or guaranty by any of its conduct;

(i) Whether Vision Bank breached its fiduciary duties owed by a mortgagee to a mortgagor to provide notice of the sale and obtain an adequate price at the sale;

(j) Whether Vision Bank's own breach of its fiduciary duties prevents it from recovering against Defendant Kessler; and

(k) Whether the foreclosure sale is void and/or unenforceable.

17. As Vision Bank's conduct and actions threaten the rights of Defendant Kessler, a judgment from this Court is necessary to decide and end the dispute between the parties

WHEREFORE, Defendant/Counterclaim Plaintiff Kessler respectfully requests the following:

A. That this Court order, adjudge, and decree that there exists a judiciable controversy between the parties, over which it has jurisdiction, and further determine and declare the rights and legal relations of the interested parties hereto pursuant to 28 U.S.C. § 2201;

B. That the Court allow the parties to conduct discovery on all issues of fact;

C. That upon final hearing of this cause, the Court order, adjudge, and decree that the foreclosure notice, sale, and transfer are void and unenforceable;

D. That the Court allow a Jury to determine all issues of fact; and

E. That the Court award such further or other relief as it deems proper.

**DEFENDANT RESPECTFULLY REQUESTS TRIAL BY JURY.**

      s/ I. David Cherniak
I. David Cherniak (CHERI8107)
Kimberly L. Bell (BELLK2917)
Attorneys for Cynthia C. Kessler
Post Office Box 1988
Mobile, Alabama 36633
Phone (251) 432-7682

OF COUNSEL:

JOHNSTONE, ADAMS, BAILEY, GORDON & HARRIS, L.L.C.

## **CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing document was electronically filed, using the CM/ECF system, which will send notification of each filing to all counsel of record on this 15th day of December, 2010.

Allen E. Graham, Esq.
Ashley E. Swink, Esq.
Robert C. Matthews, Esq.
Phelps Dunbar, LLP
P.O. Box 2727
Mobile, AL 36652

Michael S. Lucado, Esq.
Lucado Law Firm
1 Perimeter Park South, Ste 125S
Birmingham, AL 35243

George R. Irvine, Esq.
Stone, Granade & Crosby, P.C.
7133 Stone Drive
Daphne, AL 36526


                   s/ I. David Cherniak  _____