IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VISION BANK, A FLORIDA CORPORATION, | § § § | |
| Plaintiffs, | § § | C.A. No. 1:10-cv-00521 |
| vs. | § § | [JURY TRIAL REQUESTED] |
| I45, LLC, SCOTT D. DECHMANN, JAMES DALTON, CYNHIA C. KESSLER, and DAVID J, LUKINOVICH | § § § § § | |
| Defendants | § | |

| | |
|---|---|
| I45, LLC and JAMES DALTON, | § § |
| Defendants/Third Party Plaintiffs, | § § |
| v. | § § |
| BP, P.L.C., BP AMERICA, INC., BP PRODUCTS NORTH AMERICA, INC.; BP AMERICA PRODUCTION COMPANY; BP BP EXPLORATION & PRODUCTION, INC; ANADARKO PETROLEUM CORPORATION; ANADARKO E & P COMPANY, LP; MOEX OFFHSORE 2007, LLC; TRANSOCEAN, LTD.; TRANSOCEAN DEEPWTER, INC.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.; TRANSOCEAN HOLDINGS, INC.; TRITON ASSET LEASING GMBH; HALLIBURTON ENERGY SERVICES, INC.; M-I, LLC; DRILLQUIP, INC.; CAMERON INTERNATIONAL CORPORATION, f/k/a COOPER CAMERON CORPORATION; JOHN And JANE DOES A-Z; and CORPORATIONS A-Z, | § § § § § § § § § § § § § § § § § § § § § |
| Third Party Defendants. | § |

**CAMERON INTERNATIONAL CORPORATION'S
MOTION TO STAY THIRD PARTY ACTION PENDING
A DETERMINATION ON TRANSFER BY THE JPML**

Third Party Defendant Cameron International Corporation ("Cameron"), without waiving, but rather expressly reserving, any and all rights or defenses which may be available to it upon responding in this matter, respectfully moves for an order staying further proceedings in the third party action in this case pending a final ruling by the Judicial Panel on Multidistrict Litigation (the "JPML") concerning transfer of the third party action for inclusion in MDL-2179, *In re: Oil Spill by the Oil Rig ("Deepwater Horizon") in the Gulf of Mexico, on April 20, 2010*. Third Party Plaintiffs have no objection to this Request.

In support of this Motion, Cameron submits the following:

## I.
## Introduction

In numerous prior actions involving identical issues in identical circumstances, this Court has entered stay orders as requested in this Motion. There is no reason to require the parties to the third party action in this case to take any further action pending a decision of the JPML. Cameron therefore requests that the Court grant the requested stay at its earliest possible convenience to relieve Cameron and the other third party defendants of the need to prepare and file motions relating to responsive pleading and other deadlines in the case.

## II.
## Background

In the underling action, Vision Bank brought suit alleging various debtors stopped paying on their notes and the guarantors of those notes failed to perform on their guarantees. Some of those debtors/guarantors, the Third Party Plaintiffs herein, filed the instant third party complaint against 17 entities, including Cameron, contending that they are responsible for the *Deepwater Horizon* tragedy and ensuing oil spill. According to the third party action, the underlying notes relate to investment property in Alabama's coastal region which they claim has been damaged by

the spill. They contend that the loss of value to, and diminution of income from, these properties have impaired their ability to service the notes to Vision Bank.

The third party complaint sets forth some 30 pages of factual allegations setting out in substantial detail their allegations concerning:

- The process of ultra-deepwater offshore drilling;

- The particulars of the *Deepwater Horizon* mobile offshore drilling unit and how BP leased it to drill the Macondo well in Mississippi Canyon Block 252;

- The events preceding the spill;

- The response efforts; and

- The impact of the spill on Defendants/Third Party Plaintiffs.

The third party complaint then alleges various theories of negligence, strict liability, and nuisance by which they seek to impose liability on Cameron and the 16 other third party defendants for the oil spill from the Macondo well.

This oil spill has spawned over four hundred lawsuits across the nation. These cases all share common factual elements, such as 1) the causes of, and liability for, the spill, 2) the compliance/non-compliance with industry standards and/or government regulations, 3) the efforts to stop the flow of oil; and 4) the damages caused by the spill. In addition, these cases share many common legal questions, such as what law applies to an oil spill on a federal mineral lease on the outer Continental Shelf fifty miles off the coast of Louisiana.

Recognizing these common elements, the Joint Panel on Multidistrict Litigation ("JPML"), on August 10, 2010, the issued an order, pursuant to 28 U.S.C. § 1407, creating MDL proceedings ("MDL 2179") before the Honorable Carl Barbier of the Eastern District of Louisiana. *See* Order of the MDL Panel, at Exhibit A. Moreover, in that order, the JPML transferred scores of actions arising from the Deepwater Horizon disaster, across multiple states,

to MDL 2179. *Id.* Subsequently, the JPML has issued an additional 8 transfer orders transferring hundreds more cases to MDL 2179. *See* Conditional Transfer Orders, Docs B, C, D, E, F, G, H, & I in JPML Docket No. 2179.

Conditional Transfer Order 8 ("CTO8") addresses this case specifically. According to CTO8, "appears that the third–party complaint filed in the [Vision Bank] action shares questions of fact with actions previously transferred to the Eastern District of Louisiana and assigned to Judge Barbier." Exhibit I. Accordingly, the JPML has already conditionally transferred the third party action in this case to MDL 2179, while remandeding Vision Bank's claims back to the Southern District of Alabama, and thus denying transfer of Vision Bank's underlying lawsuit.[1] *Id.*

## II.
## Law and Analysis

1.   This Court May Grant a Stay Pending Resolution of the Panel's Decision.

The trial court has broad discretion to control the scope and pace of discovery in a pending matter. *In re Ramu Corporation*, 903 F.2d 312, 318 (5th Cir. 1990); *see also Landis v. N. American Co.*, 299 U.S. 248, 254-55 (1936). This authority allows a court to stay proceedings to control its own docket and further the interests of justice. *Ramu*, 903 F.3d at 318 (citing *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)).

A pending transfer motion before the MDL Panel may constitute appropriate grounds for a district court to issue a stay of proceedings. *In re Penn Central Securities Litigation*, 333 F. Supp. 382, 384 n.4 (Jud.Pan.Mult.Lit. 1971) (citing *In re Plumbing Fixtures Litigation*, 298 F.

---

[1] CTO8 issued on December 21, 2010. If Defendants/Counter Plaintiffs do not formally object to transfer within seven days, the transfer will become final. *Id.* If an objection is made, the JPML will issue a briefing schedule and a final determination will be made thereafter.

Supp. 484 (Jud.Pan.Mult.Lit. 1968)); *Doan v. Smithkline Beecham Corp.*, No. 09-0260-CG-N, 2009 U.S> Dis. LEXIS 49409, at *1 (S.D. Ala. June 11, 2009) (granting motion to stay pending MDL Panel's transfer order); *Lucas v. Springhill Hosps., Inc.*, 08-0520-CG-C, 2009 U.S. Dist. LEXIS 4527, at *2 (S.D. Ala. Jan. 22, 2009) (notion that the court commonly stays cases pending MDL transfer). Pending MDL transfer, a stay concerning "questions common to all cases . . . may be appropriate to preserve the question for the transferee judge and avoid inconsistent rulings." *In re Penn,* 333 F. Supp. at 384. The decision to grant a stay pending the MDL Panel's decision is "within the sole discretion of the transferor judges." *In re Air Crash Disaster at Paris, France*, 376 F. Supp. 887, 888 (Jud.Pan.Mult.Lit. 1974).

   2.   A Stay Here Will Not Prejudice the Defendants/Counter Plaintiffs, Will Avoid Significant Hardship To Cameron, And Will Avoid The Waste And Duplication <u>Of Significant Judicial Resources</u>

A stay is appropriate whenever it serves the interests of judicial economy and efficiency. When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *See, e.g., Weathersby v. Lincoln Elec. Co.*, Nos. 03-0398, 03-0487, 03-0770, 03-930, 2003 WL 21088119 at *2 (E.D. La. May 9, 2003).

Here, any delay would be very short. If Defendants/Third Party Plaintiffs do nothing, the delay will only be until December 28, 2010. If Defendants/Third Party Plaintiffs do object, they will be the cause of any delay. Moreover, the delay will be short—only long enough to allow for briefing and then a decision by the JPML. Accordingly, there will be no meaningful prejudice to Defendants/Third Party Plaintiffs. Cameron, however, *will* face significant hardship and inequity if the action is not stayed because it will have to respond to duplicative discovery requests and

there is a very real risk that it will face inconsistent obligations because of conflicting rulings. Moreover, if this case is consolidated, any judicial resources expended on it prior to consolidation would be wasted.

### 3  The Alabama Federal Courts have Uniformly Granted Motions to Stay in *Deepwater Horizon* Cases After the Entry of the Order Creating MDL 2179

Scores of *Deepwater Horizon* cases have been filed in, or removed to, Alabama federal courts. In virtually every case, defendants have moved to stay pending a decision with respect to transfer by the JPML. This Court and the other Alabama federal courts have been uniform in how they have addressed such motions. ***Prior to*** the creation of MDL 2179 by the JPML's order on August 10, 2010, such motions were denied as premature, without prejudice to refiling.[2] ***After*** August 10, 2010, such motions have uniformly been granted.[3]

Because a stay pending a final decision by the JPML with respect to transfer would promote the ends of justice, Cameron respectfully prays that this Court a stay all proceedings in this case pending the JPML's ruling with respect to this case on MDL transfer in MDL 2179.

---

[2] *See* Schedule A attached hereto as part of Exhibit J for a listing of such cases. *All* such cases were subsequently transferred to MDL 2179.

[3] In some of the cases where stay motions had originally been denied prior to August 10, 2010, renewed motions to stay were considered by the Court after August 10, 2010. In those instances, the courts either granted the motions, *see* Schedule B in Exhibit J, or the JPML ordered transfer before the court issued a ruling. However, in all cases where Alabama federal courts first ruled on a motion to stay *after* August 10, 2010, the Alabama federal court granted the motion. *See* Schedule C in Exhibit J for a listing of such cases.

Respectfully submitted,

David J. Beck (*pro hac vice application to be filed*)
BECK, REDDEN & SECREST, L.L.P.
M. Warren Butler (BUTLM3190)
One Houston Center
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone:   (713) 951-3700
Facsimile:   (713) 951-3720
dbeck@brsfirm.com

Randal H. Sellers (SELLR3398)
Bryan G. Hale (HALEB6964)
STARNES DAVIS FLORIE
100 Brookwood Place, Seventh Floor
Birmingham, Alabama 35209
Telephone:   (205) 868-6000
Facsimile:   (205) 868-6099
rhs@starneslaw.com
mwb@starneslaw.com
bgh@starneslaw.com

*/s/ A. Danner Frazer, Jr.*
A. Danner Frazer, Jr. (FRAZA9809)
Ross A. Frazer (FRAZR7422)
Robert J. Mullican (MULLR1788)
FRAZER, GREENE, UPCHURCH
  & BAKER, L.L.C.
107 St. Francis Street, Suite 2206
Mobile, Alabama 36602
Telephone:   (251) 431-6020
Facsimile:   (251) 431-6030
adf@frazergreene.com
raf@frazergreene.com
rjm@frazergreene.com

*Attorneys for Cameron International Corporation*

## CERTIFICATE OF SERVICE

     I hereby certify that I have on <u>December 23, 2010</u> electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF System which will automatically serve the same via electronic mail or by placing same in the United States mail, properly addressed, first class postage prepaid to the following:

Allen E. Graham, Esquire
Ashley Sheehan Swink, Esquire
Robert Christopher Matthews, Esquire
PHELPS, DUNBAR, LLP
Post Office Box 2727
Mobile, Alabama 36652

*Attorneys for Vision Bank*

Michael Shane Lucado, Esquire
LUCADO LAW FIRM
1 Perimeter Park South, Suite 125S
Birmingham, Alabama 35243

*Attorney for I45, LLC & James Dalton*

George R. Irvine, III, Esquire
STONE, GRANADE & CROSBY, P.C.
7133 Stone Drive
Daphne, Alabama 36526

*Attorney for Scott D. Deichmann & David J. Lukinovich*

I. David Cherniak, Esquire
JOHNSTONE, ADAMS, BAILEY, GORDON & HARRIS
Post Office Box 1988
Mobile, Alabama 36633

*Attorney for Cynthia C. Kessler*

BP Products North America
c/o CSC Lawyers Incorporating Service
150 South Perry Street
Montgomery, Alabama 36104

Joel M. Kuehnert, Esquire
Reed Thomas Warbuton, Esquire
Sid J. Trant, Esquire
BRADLEY, ARANT, BOULT, CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

*Attorneys for Anadarko Petroleum Corp., Anadarko EP Company, LP, Moex Offshore 2007, LLC,*

BP America, Inc.
c/o CT Corporation Systems
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

BP America Production Co.
c/o CT Corporation Systems
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

BP Exploration & Production, Inc.
c/o CT Corporation Systems
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

BP, PLC
c/o CT Corporation System – The Corporation Co.
1200 South Pine Island Road
Plantation, Florida 33324

Transocean Holdings, LLC
4 Greenway Plaza, Suite 700
Houston, Texas 77046-0406