IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VISION BANK, a Florida Banking Corporation | * * * |
| Plaintiff/Counter-Defendant, | * * |
| v. | *   CASE NO: |
| | *   CV-1:10-cv-521-WS-B |
| 145, LLC, SCOTT D. DEICHMANN, JAMES DALTON, CYNTHIA C. KESSLER and DAVID J. LUKINOVICH, | * * * * * |
| Defendants/Counter-Plaintiffs. | * |

## REPORT OF PARTIES' PLANNING MEETING

**COME NOW** the Parties to this action, by and through undersigned Counsel, and hereby Report on the Planning Meeting attended by phone on December 20, 2010 in an attempt to comply with this Court's order dated November 5, 2010 (Doc. 19). This report does not address scheduling as it relates to the Third Party claims currently asserted by Defendants/Counter-Plaintiffs James Dalton and 145, LLC. Vision Bank, a Florida Corporation (the "Bank") has filed a motion to Strike, Sever and/or Separately Try those claims. The Court's ruling on the Bank's motion may or may not require revisions to the proposed schedule.

The Parties do not request a conference with the Court before entry of the

Scheduling Order.

1. **Statement of the Facts**

   a. **Position Statement of Plaintiff/Counter-Defendant Vision Bank**

The Bank asserts that the matter before this Court is a breach of contract case based upon a duly-executed loan note and guarantees. Counterclaims have been asserted by the Debtor (145, LLC) and Guarantors. This case should be limited to the claims and counterclaims by and between the Bank, Debtor 145, LLC (an entity which executed a mortgage and promissory note in favor of the Bank on or about June 15, 2005, in the original principal amount of $8,933,000.00) ("Note"), and Defendant/Counter-Plaintiffs Scott Deichmann, Cynthia Kessler, David Lukinovich and James Dalton ("Guarantors").

The Note and Guarantees have been called, without payment. The Bank has foreclosed upon the collateral secured by the mortgage executed by 145, LLC. 145, LLC and the Guarantors have each asserted counterclaims against the Bank in regards to the foreclosure, which the Bank asserts was conducted and noticed in accordance with the mortgage and Alabama law.

145 LLC and one of the Guarantors have also made third-party claims relating to the oil spill of April, 2010, and the Bank has requested that these claims be stricken, severed and/or tried separately.

b. **Position Statement of Defendants/Counter-Plaintiffs 145, LLC and James Dalton**

Defendants/Counter-Plaintiffs 145 LLC and James Dalton contend that the Bank wrongfully foreclosed on the subject property and otherwise breached the terms of the loan agreement with Defendants. Defendants assert that the foreclosure is void and should be set aside. Defendant 145, LLC and Defendant Dalton also contend that Plaintiff failed to mitigate its damages by conducting an unlawful foreclosure in a manner and during a time when the Gulf Oil Spill was severely diminishing the value of the subject property. Defendants 145, LLC and Dalton claim the third party defendants are liable to Defendants/Counterclaim Plaintiffs for causing the oil spill which caused the value of the subject property to be severely diminished at the time of the foreclosure sale. The rightful ownership of the subject property and the value of the subject property is a central issue to the rights and obligations of the Plaintiff, Defendants, and Third Party Defendants.

c. **Position Statement of Defendant/Counter-Plaintiff Cynthia Kessler**

The Bank has sued 145, LLC and certain guarantors, including Defendant/Counter-Plaintiff Cynthia Kessler ("Kessler") alleging breach of contract based on a loan and guarantees. Defendants, including Kessler, have asserted counterclaims based on the Bank's wrongful foreclosure of the collateral securing the loan and the Bank's breach of its duties, as mortgagee, to defendants

3

to conduct the foreclosure sale in a commercially reasonable manner. Kessler has also asked the Court to set aside the foreclosure sale. Specifically, the Bank breached the fiduciary duties a mortgagee owes a mortgagor by failing to provide Kessler with notice of the foreclosure sale. The Bank also failed to conduct the sale in a commercially reasonable manner and failed to obtain the best possible price—or even an adequate price—for the foreclosed property. The property was originally acquired by 145, LLC for $14,000,000.00, $8,933,000.00 of which was financed through the Bank. There have also been recent appraisals of the property in excess of $5,000,000.00. Notwithstanding the foregoing, the Bank bid in and purchased the property at the shockingly low value of $1,750,000.00. Based on these factors, the foreclosure sale is void and should be set aside.

    d.    **Position Statement of Defendants/Counter-Plaintiffs David Lukinovich and Scott Deichmann**

These Defendants/Counter-Plaintiffs adopt the Position Statement of Cynthia Kessler set forth above.

2. This <u>jury action</u> should be <u>ready for trial</u> October, 2011, and is expected to take approximately three (3) days.

3. The parties request a <u>pre-trial conference</u> thirty (30) days prior to the trial setting.

4. <u>Discovery Plan</u>: The parties jointly propose to the Court the following discovery plan. **All discovery commenced in time to be completed by August 26, 2011.** Discovery may be conducted as to the following subjects:

  a. 145, LLC's liability on the Note, as renewed, modified and/or amended;

  b. the payment history and default of 145, LLC under the terms of the Note;

  c. the Guarantors' liability to honor the obligations of 145, LLC to the Bank;

  d. 145, LLC's and the Guarantors' defenses and/or counterclaims thereto;

  e. the role of Mike Dalton and related third parties in the relationship between the Bank, 145, LLC and the Guarantors;

  f. the Bank's recoverable damages;

  g. the notice provided to the Debtor and Guarantors of the foreclosure;

  h. identity of persons attending the foreclosure sale on the property and principal's for whom he was acting;

  i. whether or not the Bank provided proper notice of the foreclosure sale to Guarantors;

  j. whether or not the bid price of $1,750,000.00 was so low as to shock the conscience of the Court;

  k. whether or not the sale was held in a commercially reasonable manner;

  l. the value of the subject property;

  m. the identity of the owner of the promissory note and guarantees;

  n. the relationship of the purchaser at the foreclosure sale to the Plaintiff;

  o. the authority and capacity of the persons who executed the note and mortgage on behalf of 145, LLC;

  p. the amounts paid by guarantors Anthony Bordlee and Jack J. Scariano, III, in settlement of the Bank's claims against them to recover under the guarantees; and

  q. other issues framed by any and all amended pleadings.

5. <u>Initial Disclosures</u>:  The parties will exchange the initial disclosures by twenty (20) days after the conclusion of this planning conference, as required by Fed. R. Civ. P. 26(a)(1).

6. The parties should be allowed until April 22, 2011 to <u>join additional parties and amend the pleadings</u>.

7. <u>Reports from retained experts</u> under Rule 26(a)(2), if any, are due:

From the Bank by May 20, 2011

From Defendant/Counter-Plaintiffs by June 17, 2011

Rebuttal Experts by July 29, 2011.

8. <u>Pre-Trial Disclosures</u>:  Final list of witnesses and exhibits under Rule 26(a)(3) due one (1) week before the pre-trial conference.

9. <u>Discovery Limits</u>:

(a) Maximum of thirty (30) interrogatories by each party to any other party.  Responses due thirty (30) days after service;

(b) In addition to each party being deposed, a maximum of twelve (12) depositions by the Bank and twelve (12) by the Defendant/Counter-Plaintiffs, collectively, are proposed.  Each deposition is limited to a maximum of seven (7) hours unless extended by agreement of the parties or by court order;

(c) Maximum of thirty (30) requests for admission by each party to any other party.  Responses are due thirty (30) days after service; and

(d) Maximum of thirty (30) requests for production of documents by each party to any other party.  Responses are due thirty (30) days after service.

10. <u>Dispositive Motions</u>:  All dispositive motions filed by September 9, 2011.

11. <u>Settlement</u>:   Settlement cannot be evaluated prior to conducting

7

additional investigation and/or discovery.

      12.   <u>Other Matters</u>:   The pending motions affect the scope of the discovery to be conducted and trial schedule.

                              Respectfully submitted:

                              <u>s/Ashley E. Swink</u>
                              ALLEN E. GRAHAM    (GRAHA3109)
                              ASHLEY E. SWINK     (SWINA6234)
                              ROBERT C. MATTHEWS (MATTR7750)
                              Attorneys for Vision Bank

<u>OF COUNSEL</u>:
**PHELPS DUNBAR, LLP**
2 North Royal Street
P. O. Box 2727
Post Office Box 2727
Mobile, Alabama  36652
Telephone:  (251) 432-4481
Facsimile:  (251) 433-1820
teeto.graham@phelps.com
robert.matthews@phelps.com

**PHELPS DUNBAR, LLP**
P.O. Box 417
Gulf Shores, AL 36547
Telephone:  (251) 967-4481
Facsimile: (251) 967-1820
ashley.swink@phelps.com

                              <u>/s/ I. David Cherniak</u>
                              I. David Cherniak (CHERI8107)
                              Kimberly L. Bell (BELLK2917)
                              Attorneys for Cynthia C. Kessler
                              Post Office Box 1988
                              Mobile, Alabama 36633

                           /s/ George R. Irvine, III
                           George R. Irvine, III (IRVIG4725)
                           Attorney for Scott D. Deichmann
                           and David J. Lukinovich

OF COUNSEL:
STONE, GRANADE & CROSBY, P.C.
7133 Stone Drive
Daphne, AL 36526

                           /s/ M. Shane Lucado
                           M. Shane Lucado (LUCAM7936)
                           Attorney for James Dalton and
                           145, LLC

OF COUNSEL:
Lucado Law Firm, LLC
One Perimeter Park South
Suite 125 S
Birmingham, AL 35243

## **CERTIFICATE**

     I certify that prior to filing the foregoing Report of the Parties Meeting, I conferred with all counsel and obtained their permission to affix their electronic signature hereto.

                           */s/ Ashley E. Swink*
                           ASHLEY E. SWINK