IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **VISION BANK, a Florida Banking Corporation** * * * **Plaintiff/** * **Counterclaim Defendant,** * * **v.** * * **145, LLC, et al.,** * * **Defendants/** * **Counterclaim Plaintiffs** * * | **CASE NO: CV-1:10-cv-521** |

## ANSWER OF PLAINTIFF/COUNTERCLAIM DEFENDANT VISION BANK TO COUNTERCLAIMS OF DEFENDANT/COUNTERCLAIM PLAINTIFF DAVID LUKINOVICH

**COMES NOW** Plaintiff/Counterclaim Defendant, Vision Bank, a Florida Banking Corporation (the "Bank"), and answers the Counterclaims of Defendant/Counterclaim Plaintiff, David Lukinovich, as follows:

### FACTS

1. Admitted.

2. Plaintiff/Counterclaim Defendant admits that it provided notice of non-judicial foreclosure by certified mail to Alan M. Thames, the registered agent of 145, LLC as listed in the records of the Alabama Secretary of State; however, the remainder of the allegations in ¶2 are denied.

3. Denied; 1000 Riverbend Blvd., Suite A, St. Rose, Louisiana, is 145, LLC's principal address according to Alabama Secretary of State, and said address is the only address for 145, LLC, contained in the mortgage.

4. Denied. However, public notice was published.

5. Plaintiff/Counterclaim Defendant admits that it published notice of non-judicial foreclosure; however, the remainder of the allegations are denied. Notice requirements for non-judicial foreclosure are statutory, and publication complied with the Alabama statute.

6. Denied.

7. Denied.

8. Denied. The members of 145, LLC and guarantors of debt of 145, LLC have no interest in the real property; further, notice was published. Ala. Code §10-12-23(a) (1975).

9. Denied.

10. Denied.

11. Denied

## COUNTERCLAIM ONE
## BREACH OF CONTRACT

12. Plaintiff/Counterclaim Defendant adopts and realleges its responses in Paragraphs 1 through 11 hereinabove.

13. It is admitted that valid binding contracts exist between the Bank and the Debtor and signing guarantors. All other allegations are denied.

14. Admitted. Plaintiff/Counterclaim Defendant fully complied with all of its duties under the loan documents.

15. Denied.

16. Denied.

17. Denied. The Plaintiff/Counterclaim Defendant also denies that the Defendant/Counterclaim Plaintiff is entitled to any of the relief sought in the prayer which follows Paragraph 17, or other relief whatsoever.

## COUNTERCLAIM TWO
## WRONGFUL FORECLOSURE

18.     Plaintiff/Counterclaim Defendant adopts and realleges its responses in Paragraphs 1 through 17 hereinabove.

19.     Denied.

20.     Denied.  Ala. Code §35-10-1, et seq., is not applicable.  Ala. Code §35-10-11 to §35-10-16 is applicable.

21.     Denied.  Alabama's non-judicial foreclosure statute has been ruled compliant with the United States Constitution.

22.     Denied.  The Plaintiff/Counterclaim Defendant also denies that the Defendant/Counterclaim Plaintiff is entitled to any of the relief sought in the prayer which follows Paragraph 22, or other relief whatsoever.

## COUNTERCLAIM THREE
## DECLARATORY JUDGMENT

23.     Plaintiff/Counterclaim Defendant adopts and realleges its responses in Paragraphs 1 through 22 hereinabove.

24.     Paragraph 24 makes no factual allegations; therefore, no response is required.  To the extent a response is required, all allegations are denied.

25.     Denied. The Plaintiff/Counterclaim Defendant also denies that the Defendant/Counterclaim Plaintiff is entitled to any of the relief sought in the prayer which follows Paragraph 25, or other relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred by the Statute of Frauds.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts the terms of the contracts with the Defendant/Counterclaim Plaintiff as an affirmative defense.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts Ala. Code §35-10-11 *et. seq.* (1975), as an affirmative defense.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts the power of sale in the mortgage as an affirmative defense.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts the published, mailed and certified mail notices issued as affirmative defenses.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts the Defendant/Counterclaim Plaintiff's breach of contract and default of promissory note and mortgage as an affirmative defense.

4

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts Ala. Code §10-12-23(a) (1975) as an affirmative defense.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts that its sole purpose in exercising its power of sale was to secure the debt owed.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts Defendant/Counterclaim Plaintiff's unclean hands as an affirmative defense.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant reserves the right to assert additional affirmative defenses as discovery proceeds.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts that the amount of the foreclosure action price is not inadequate as to shock the conscious.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts that it conducted foreclosure proceedings in a manner so as to bring the maximum value possible from the foreclosure sale.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts the provisions of the loan documents as an affirmative defense.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant pleads waiver, estoppels, laches, set off, recoupment, and release as an affirmative defenses.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant pleads estoppel as an affirmative defense.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts that the Counterclaim plaintiff has not suffered any damages as a result of the alleged misconduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts that the Counterclaim plaintiff has no right to a jury trial.

                Respectfully submitted,

                s/Allen E Graham
                ALLEN E. GRAHAM      (GRAHA3109)
                ASHLEY E. SWINK       (SWINA6234)
                ROBERT C. MATTHEWS (MATTR7750)
                Attorneys for Vision Bank

OF COUNSEL:
**PHELPS DUNBAR LLP**
2 North Royal Street
P. O. Box 2727
Post Office Box 2727
Mobile, Alabama  36652
Telephone:  (251) 432-4481
Facsimile:   (251) 433-1820
teeto.graham@phelps.com
robert.matthews@phelps.com

**PHELPS DUNBAR LLP**
P.O. Box 417
Gulf Shores, AL 36547
Telephone: (251) 967-4481
Facsimile: (251) 967-1820
ashley.swink@phelps.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on January 5, 2011 electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following, and that I have mailed same to non CM/ECF participants by placing the same in the United States Mail, first class postage prepaid, as follows:

| | |
|---|---|
| Michael S. Lucado, Esq.<br>Lucado law Firm<br>1 Perimeter Park South, Suite 125S<br>Birmingham, AL 35243<br>slucado@lucadolaw.com<br>Attorney for James Dalton and 145, LLC | I. David Cherniak, Esq.<br>Kimberly L. Bell, Esq.<br>Johnstone, Adams, Bailey Gordon & Harris, LLC<br>Post Office Box 1988<br>Mobile, AL 36633<br>idc@johnstoneadams.com<br>klb@johnstoneadams.com<br>Attorneys for Cynthia Kessler |
| George R. Irvine, III, Esq.<br>Stone, Granade & Crosby, PC<br>7133 Stone Drive<br>Daphne, AL 36526<br>gri@sgclaw.com<br>Attorney for Scott Deichmann and David Lukinovich | |

                                          s/Allen E. Graham
                                        ALLEN E. GRAHAM