# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **VISION BANK,** a Florida Banking Corporation | |
| Plaintiff/ Counterclaim Defendant, | |
| v. | CASE NO: CV-1:10-cv-521 |
| 145, LLC, et al., | |
| Defendant/ Counterclaim Plaintiff. | |

## ANSWER OF PLAINTIFF/COUNTERCLAIM DEFENDANT VISION BANK TO COUNTERCLAIMS OF DEFENDANT/COUNTERCLAIM PLAINTIFF CYNTHIA KESSLER

**COMES NOW** Plaintiff/Counterclaim Defendant, Vision Bank, a Florida Banking Corporation (the "Bank"), and answers the Counterclaims of Defendant/Counterclaim Plaintiff, Cynthia C. Kessler, as follows:

### FACTS

1. Upon information and belief, admitted.

2. Admitted.

### COUNT ONE
### (Wrongful Foreclosure)

1

3. Plaintiff/Counterclaim Defendant adopts and realleges its responses in ¶¶1 through 1-2 hereinabove.

4. Admitted that Vision Bank had a legal duty to comply with Ala. Code §35-10-11 to §35-10-16 (1975); however, the remainder of the allegations in ¶4 are denied.

5. Denied.  Kessler is a member of 145, LLC and a guarantor of the debt of 145, LLC, but Kessler has no interest in the real property.  Ala. Code §10-12-23(a) (1975).  Notice of foreclosure via address provided in the mortgage, registered agent, principal address and publication under Alabama's non-judicial foreclosure statute exceed the notice requirements for non-judicial foreclosure under Alabama law.

6. Denied.

## COUNT TWO
### (Breach of Contract)

7. Plaintiff/Counterclaim Defendant adopts and realleges its responses in ¶¶ 1 through 1-6 hereinabove.

8. It is admitted that valid binding contracts exist between Vision Bank and Kessler, and that Vision Bank fully complied with all of its duties under the loan documents; however, the remainder of the allegations in ¶8 are denied.

9. Denied.

10.     Denied. Kessler is a member of 145, LLC and a guarantor of the debt of 145, LLC, but Kessler has no interest in the real property. Ala. Code §10-12-23(a) (1975). Notice of foreclosure via address provided in the mortgage, registered agent, principal address and publication under Alabama's non-judicial foreclosure statute exceed the notice requirements for non-judicial foreclosure under Alabama law.

11.     Denied.

## COUNT THREE
### (Declaratory Judgment Setting aside the Foreclosure Sale)

12.     Plaintiff/Counterclaim Defendant adopts and realleges its responses in ¶¶ 1 through 1-11 hereinabove.

13.     Admitted that Vision Bank had a legal duty to comply with Ala. Code §35-10-11 to §35-10-16 (1975); however, the remainder of the allegations in ¶13 are denied. Kessler is a member of 145, LLC and a guarantor of the debt of 145, LLC, but Kessler has no interest in the real property. Ala. Code §10-12-23(a) (1975). Notice of foreclosure via address provided in the mortgage, registered agent, principal address and publication under Alabama's non-judicial foreclosure statute exceed the notice requirements for non-judicial foreclosure under Alabama law.

14.     Denied.

15.     Denied.

3

16. Paragraph 16 makes no factual allegations; therefore, no response is required. To the extent a response is required, all allegations are denied.

17. Admitted that a judgment against Kessler in favor of Vision Bank is due to be entered; however, the remaining allegations in ¶17 are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred by the Statute of Frauds.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts the terms of the contracts with the Defendant/Counterclaim Plaintiff as an affirmative defense.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts Ala. Code §35-10-11 *et. seq.* (1975), as an affirmative defense.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts the power of sale in the mortgage as an affirmative defense.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts the published, mailed and certified mail notices issued as affirmative defenses.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts the Defendant/Counterclaim Plaintiff's breach of contract and default of promissory note and mortgage as an affirmative defense.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts <u>Ala. Code</u> §10-12-23(a) (1975) as an affirmative defense.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts that its sole purpose in exercising its power of sale was to secure the debt owed.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts Defendant/Counterclaim Plaintiff's unclean hands as an affirmative defense.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant reserves the right to assert additional affirmative defenses as discovery proceeds.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts that the amount of the foreclosure action price is not inadequate as to shock the conscious.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts that it conducted foreclosure proceedings in a manner so as to bring the maximum value possible from the foreclosure sale.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts the provisions of the loan documents as an affirmative defense.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant pleads waiver, estoppels, laches, set off, recoupment, and release as an affirmative defenses.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant pleads estoppel as an affirmative defense.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts that the Counterclaim plaintiff has not suffered any damages as a result of the alleged misconduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant asserts that the Counterclaim plaintiff has no right to a jury trial.

        Respectfully submitted,

        s/Allen E Graham
        ALLEN E. GRAHAM         (GRAHA3109)
        ASHLEY E. SWINK         (SWINA6234)
        ROBERT C. MATTHEWS (MATTR7750)
        Attorneys for Vision Bank

OF COUNSEL:
**PHELPS DUNBAR LLP**
2 North Royal Street
P. O. Box 2727
Post Office Box 2727
Mobile, Alabama  36652
Telephone:  (251) 432-4481
Facsimile:   (251) 433-1820
teeto.graham@phelps.com
robert.matthews@phelps.com

**PHELPS DUNBAR LLP**
P.O. Box 417
Gulf Shores, AL 36547
Telephone:  (251) 967-4481
Facsimile: (251) 967-1820
ashley.swink@phelps.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have on January 5, 2011 electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following, and that I have mailed same to non CM/ECF participants by placing the same in the United States Mail, first class postage prepaid, as follows:

| | |
|---|---|
| Michael S. Lucado, Esq.<br>Lucado law Firm<br>1 Perimeter Park South, Suite 125S<br>Birmingham, AL 35243<br>slucado@lucadolaw.com<br><br>Attorney for James Dalton | I. David Cherniak, Esq.<br>Kimberly L. Bell, Esq.<br>Johnstone, Adams, Bailey Gordon & Harris, LLC<br>Post Office Box 1988<br>Mobile, AL 36633<br>idc@johnstoneadams.com<br>klb@johnstoneadams.com<br><br>Attorneys for Cynthia Kessler |
| George R. Irvine, III, Esq.<br>Stone, Granade & Crosby, PC<br>7133 Stone Drive<br>Daphne, AL 36526<br>gri@sgclaw.com<br>lmc@sgclaw.com<br>Attorneys for Scott Deichmann and<br>David Lukinovich | |

                                          s/Allen E. Graham
                                          ALLEN E. GRAHAM