IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **VISION BANK, ,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **CIVIL ACTION NO. 10-0521-KD-B** |
| | ) |
| **145, LLC,** *et al.***,** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

This action is before the Court on the joint stipulation for dismissal with prejudice of defendant James Dalton (doc. 157) and the joint stipulation for dismissal with prejudice of defendant David Lukinovich (doc. 158). The stipulations for dismissal with prejudice are signed by plaintiff Vision Bank and by defendants Dalton and Lukinovich.

Dalton and Lukinovich filed their answers (docs. 17, 27). Therefore, the stipulation appears to be made pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, which states, in relevant part, that a plaintiff may voluntary dismiss an action "without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." However, all parties to the action did not sign the stipulation. In that regard, the Court of Appeals for the Eleventh Circuit has explained that where all parties do not agree to the stipulation, a voluntary dismissal by stipulation is not applicable. See <u>Negron v. City of Miami Beach, Florida,</u>113 F.3d 1563, 1571 (11th Cir. 1997) ("'[T]here is no indication in the record that anyone besides Diaz agreed to the motion. The rule is clearly stated: a voluntary dismissal by stipulation is applicable only if all the parties sign off on it. Diaz was not entitled to a voluntary dismissal by stipulation.")

Thus since all parties, specifically the other defendants, did not sign the stipulation, the stipulation for dismissal may be addressed as a request for voluntary dismissal by the plaintiff made under Fed. R. Civ. P. 41(a)(2).  Under that Rule, the Court may dismiss an action, or in this case, the cause of action against two defendants, "at the plaintiff's request only by court order, on terms that the court considers proper."

Accordingly, the remaining defendants shall file any **objection** to the dismissal of Dalton and Lukinovich from this action within **ten (10) days of the date of this order.**  If no objection is filed, then plaintiff's claims against defendants Dalton and Lukinovich shall be **DISMISSED with prejudice** without further order of the Court.

Nothing herein shall be construed as dismissing plaintiff Vision Bank's claims against the remaining defendants.

**DONE** and **ORDERED** this 18th day of August, 2011.

     s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**