**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **VISION BANK,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.: 10-00521-KD-B** |
| | ) | |
| **145, LLC,** *et al.*, | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on Plaintiff Vision Bank's request for attorneys' fees and costs (contained within its response to the Court's instructions on summary judgment) (Doc. 173).

Specifically, on November 4, 2011, the Court entered an Order granting summary judgment for Plaintiff on its Complaint as well as on all of Defendant 145, LLC's and Defendant Cynthia C. Kessler's counterclaims against Plaintiff. (Doc. 170). The Court also granted leave for Plaintiff to prove the amount and reasonableness of its attorney's fees with regard to these Defendants by November 18, 2011, ordered these Defendants/Counterclaimants to file any response to the Plaintiff's claim for costs and fees no later than December 2, 2011, and informed the parties that "the Court will [thereafter] enter a final Judgment specifying the amount of damages, after a determination is made concerning the issue of attorneys' fees and costs." (Id. at 23 and n.8). On November 18, 2011, Plaintiff filed its Supplement concerning its request for attorneys' fees and costs. (Doc. 173). In so doing, Plaintiff apparently seeks to recover attorneys' fees and costs incurred *for this entire case* (*i.e.*, regarding the litigation as to the original five (5) defendants/counterclaimants). Given the record in this case, this is not permissible.

The original defendants/counterclaimants were 145, LLC, Scott D. Deichmann, James Dalton, Cynthia C. Kessler and David J. Lukinovich. In August, 2011, the parties voluntarily dismissed with prejudice of all the claims by and between Plaintiff and Defendant/Counterclaimant James Dalton and all the claims by and between Plaintiff and Defendant/Counterclaimant David Lukinovich, with each party to bear

1

its or his own costs.  (Docs. 157, 157-1, 158, 158-1, 160).  In October 2011, the parties voluntarily dismissed with prejudice of all the claims by and between Plaintiff and Defendant/Counterclaimant Scott Deichmann, with each party to bear its or his own costs.  (Docs. 167, 168, 169). In November 2011, the parties stipulated to the *pro tanto* dismissal (with prejudice) of the claims asserted against and by Defendant/Counterclaimant Cynthia C. Kessler, with each party to bear its or her own costs.  (Docs. 171, 172, 174).  As such, the parties dismissed their respective claims and counterclaims as to all but one defendant/counterclaimant (145, LLC) and in so doing, did not seek recovery of any attorneys' fees or costs but instead, provided that each party bear its, his or her own costs.  Thus, the only entity against whom Plaintiff has preserved its right for attorneys' fees and costs is Defendant/Counterclaimant 145, LLC.

Accordingly, it is **ORDERED** that Plaintiff's Supplement (Doc. 173) is **STRICKEN**.  It is **ORDERED**, however, that Plaintiff is granted leave of Court to file a new Motion for Attorneys' Fees and Costs as to Defendant 145, LLC on or before **March 21, 2012.**  Plaintiff's motion should include those fees and costs incurred for litigating the specific claims and counterclaims asserted by and between itself and Defendant/Counterclaimant 145, LLC, as well as detailed records (*e.g.*, billing statements, receipts, invoices, etc.) that will permit this Court to fashion an award of reasonable attorneys' fees and costs consonant with the applicable law in this case as provided for in the relevant contractual agreements  Defendant 145, LLC shall have until **March 28, 2012** within which to file any Response thereto.

**DONE** and **ORDERED** this the **1st** day of **March 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**