IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SE PROPERTY HOLDINGS, LLC, )<br>f/k/a VISION BANK, )<br>     Plaintiff, )<br>    )<br>v. )<br>    )<br>145, LLC, *et al.*, )<br>    Defendants. ) | CIVIL ACTION NO. 10-00521-KD-B |

ORDER

This matter is before the Court on Plaintiff SE Property Holdings, LLC ("Plaintiff")'s second "Supplemental Filing Regarding Judgment Amount and Award of Attorneys' Fees, Costs & Expenses" (Doc. 186).

I.   **Background**

On November 4, 2011, the Court entered an Order granting summary judgment for Plaintiff on its Complaint as well as on all of Defendant 145, LLC's counterclaims against Plaintiff.   (Doc. 170).   The Court also granted leave for Plaintiff to prove the amount and reasonableness of its attorneys' fees by November 18, 2011, ordered the Defendants/Counterclaimants to file any response to the Plaintiff's claim for costs and fees no later than December 2, 2011, and informed the parties that "the Court will [thereafter] enter a final Judgment specifying the amount of damages, after a determination is made concerning the issue of attorneys' fees and costs."   (Id. at 23 n.8).

On November 18, 2011, Plaintiff filed its first Supplement concerning its request for attorneys' fees and costs, which requested an award of fees and costs incurred for this entire case (*i.e.*, regarding the litigation as to the original five (5) defendants/counterclaimants).   (Doc. 173). On March 1, 2012, the Court ordered that the first Supplement be stricken, finding that "the only entity against whom Plaintiff has preserved its right for attorneys' fees and costs is Defendant/Counterclaimant 145, LLC."   (Doc. 179 at 2).   Plaintiff was granted leave to submit a

new Motion for Attorneys' Fees and Costs addressing only those fees and costs incurred in litigating the specific claims and counterclaims between Plaintiff and 145, LLC.   (Id.).   Plaintiff filed a motion to reconsider the Court's March 1, 2012 Order (Doc. 180), which the Court denied (Doc. 181).   Plaintiff then timely filed the present Supplement (Doc. 186), to which 145, LLC has filed no response.

## II.   Attorneys' Fees & Expenses

Plaintiff claims that it is entitled to an award of attorneys' fees and expenses pursuant to the terms of the Promissory Note between it and 145, LLC, which states in relevant part:   "Borrower agrees to pay any and all costs and expenses incurred by the Holder hereof, including, but not limited to reasonable attorneys' fees and costs, in collecting or attempting to collect this Note, whether by suit or otherwise."   (Doc. 1-2 at 4, ¶ 10).   Under Alabama law, it is well settled that provisions relating to the payment of attorneys' fees are enforceable.[1]   See, e.g., Subway Rests., Inc. v. Madison Square Assoc., Ltd., 613 So. 2d 1255, 1257 (Ala. 1993) (holding that "[i]n Alabama, in state law causes of action, attorney fees are recoverable as part of the costs of the action...when provided in a contract"); Knight v. Hired Hand Green, Inc., 775 So. 2d 218, 222 (Ala. Civ. App. 1999) (finding the plaintiff "was necessarily entitled to...attorney fee for collection…pursuant to the clear terms of the contract").   See also, e.g., Smith v. Combustion Res. Eng'g, Inc., 431 So. 2d 1249, 1252 (Ala. 1983); Lewis v. Haleyville Mobile Home Supply, Inc., 447 So. 2d 691, 692-93 (Ala. 1984); Chilton Warehouse & Mfg. Co. v. Lewis, 57 So. 100, 101

---

[1] This action is before the Court on the basis of diversity jurisdiction.   "Alabama applies the traditional doctrine[] of *lex loci contractus* to contract claims . . . The doctrine states that a contract is governed by the laws of the state where it is made except where the parties have legally contracted with reference to the laws of another jurisdiction."   Colonial Life & Accident Ins. Co. v. Hartford Fire Ins. Co., 358 F.3d 1306, 1308 (11th Cir. 2004) (citing Cherry, Bekaert & Holland v. Brown, 582 So. 2d 502, 506 (Ala. 1991)) (internal quotations omitted).   The Promissory Note states: "This Note shall be governed by and be construed in accordance with the laws of the State of Alabama."   (Doc. 1-2 at 5, ¶ 12).

(Ala. App. 1911).   Therefore, the Court finds that Plaintiff is entitled to attorneys' fees and expenses related to litigating its claims against and the counterclaims of 145, LLC in this matter, in accordance with the terms of the Promissory Note.

Plaintiff seeks attorneys' fees in the amount of **$186,753.50** and expenses in the amount of **$9,417.74**.[2]   In support of this request, Plaintiff submits the Affidavit of Ashley E. Swink, an attorney at the law firm of Phelps Dunbar, LLP (Doc. 186-1), an edited itemization of expenses and for services provided and time expended by certain individuals at that law firm (Doc. 186-2), and the Affidavit of Charles J. Fleming of the Mobile, Alabama law firm Fleming and Chavers, LLP (Doc. 186-3).

As an initial matter, while given the opportunity to do so, Defendant/Counterclaimant 145, LLC has not challenged Plaintiff's right to recover its attorneys' fees and expenses.   However, under the terms of the Promissory Note, Plaintiff may recover only those fees and expenses that are "reasonable."   (Doc. 1-2 at 4, ¶ 10).   Accordingly, before fashioning any award, the Court must first assess the reasonableness of the Plaintiff's request.

### A.   Attorneys' Fees

In this Circuit, courts generally apply the "lodestar" method -- multiplying the hours reasonably expended by a reasonable hourly rate -- to make such an assessment.   Norman v. Hous. Auth., 836 F.2d 1292, 1299 (11th Cir. 1988).   The 12 factors identified by the Court of Appeals in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), may aid the Court in determining a reasonable hourly rate and thereby affect the lodestar analysis.   Norman, 836 F.2d at 1299.   Those factors include:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the

---

[2]  In its stricken request for attorneys' fees and expenses, Plaintiff requested $196,913.50 in attorneys' fees and $9,417.74 in expenses.   (Doc. 173).   As such, Plaintiff has only reduced its request for attorneys' fees by $10,160 and has not reduced its request for expenses at all.

skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Ass'n of Disabled Ams. v. Neptune Designs, Inc., 469 F.3d 1357, 1359 n.1 (11th Cir. 2006) (citing

Johnson, 488 F.2d at 717-19).    Additionally, whereas this action is before the Court on the basis of

diversity jurisdiction, and because the parties have agreed that the Promissory Note will be

interpreted under Alabama law, any fee award must be consonant with Alabama law. Under

Alabama law, the factors to be considered include:

(1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

Van Schaack v. AmSouth Bank, N.A., 530 So. 2d 740, 749 (Ala. 1988) (citing Peebles v. Miley,

439 So. 2d 137 (Ala. 1983)).    Not all of these criteria must be met or brought into play.    Graddick

v. First Farmers & Merchants Nat'l Bank of Troy, 453 So. 2d 1305, 1311 (Ala. 1984).

### 1.    Reasonable Rate

As the party requesting fees, Plaintiff has the burden of supplying the Court with specific

and detailed evidence from which the Court can determine the reasonable hourly rate for the work

performed by its attorneys and paralegals.    Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d

423, 427 (11th Cir. 1999) (citing Norman, 836 F.2d at 1303).    The Eleventh Circuit has instructed

that a reasonable hourly rate is "the prevailing market rate in the relevant legal community for

similar services by lawyers of reasonably comparable skills, experience, and reputation."    Norman,

836 F.2d at 1299.   In this case, the relevant legal community is Mobile, Alabama.   See Barnes, 168 F.3d at 437 (providing that "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed" – in that case, Atlanta) (citation omitted)).

Plaintiff seeks recovery of the time billed for the following individuals: for attorneys 1) Graham ($250/hour, Partner), 2) Swink ($225/hour, "counsel"), and 3) Matthews, Sanders, Nelson, Dean, and Norwood ($175/hour, associates); for paralegals DeHora, Lundy, Picciola, Zeisloft, and Richard ($110.00/hour); and for law clerk Longmire ($85.00/hour).   (Doc. 186-1 at 2, ¶ 4; Doc. 186-3 at 2, ¶ 8).

In her affidavit, Swink states that these rates are "usual and customary" both for the specific individuals when handling matters similar to the one at issue and "for employees working at the Mobile office of Phelps handling similar matters."   (Doc. 186-1 at 2, ¶ 4).   Having reviewed the invoices and work-in-progress reports generated in this case, Swink finds the amounts billed "are reasonable fees in this community for the work performed in this matter, and were necessarily incurred in this matter."   (Id. at 2-3, ¶¶ 5, 7).   Swink also states that the copies of bills attached to her affidavit, previously submitted with Plaintiff's stricken Supplement, have been edited in a good-faith effort to remove fees not associated with litigation against 145, LLC.   (Id. at 3, ¶ 6).

In his affidavit, Fleming states that he has practiced law in Mobile and Baldwin Counties since 1971.   (Doc. 186-3 at 1, ¶ 3).   He states that he is familiar with the law firm of Phelps Dunbar, with the Plaintiff's attorneys, and "with the fees customarily charged by attorneys of like or similar experience in the Mobile and Baldwin communities."   (Id. at 2, ¶¶ 6-8).   Based on this familiarity and his experience, Fleming believes that all rates charged by the Phelps Dunbar attorneys, paralegals, and law clerk in this matter are "comparable to the fees charged by [such professionals] with similar experience in the Mobile legal community."   (Id., ¶ 8).   Having

5

reviewed "pleadings and briefs" in this case, as well as Phelps Dunbar's bills for work performed in this matter, Fleming also avers that the rates charged by the attorneys and paralegals of Phelps Dunbar in this matter "are comparable to or lower than the rates charged for similar services in Mobile and Baldwin Counties by attorneys of similar experience."   (Id. at 3, ¶ 9).   Finally, Fleming finds the hours billed and expenses incurred in this case to have been both reasonable and necessary.   (Id., ¶¶ 10-11).

The Court, which is familiar with the prevailing rates in the local market, may also act as its own expert and rely on its "knowledge and experience" to determine the reasonableness and propriety of the requested fees.   Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). Unfortunately, other than designating attorneys as partner, associate, etc., Plaintiff has not presented any evidence indicating the level of experience or training possessed by any of the billing individuals, making difficult the Court's own determinations of reasonableness.   However, the Court has previously found Graham's and Swink's billable rates of $250/hour and $225/hour, respectively, to be reasonable in another case involving Plaintiff's enforcement of a promissory note.   See Vision Bank v. Anderson, Civ. No. 10-0372-KD-M, 2011 WL 2142786, at *3 (S.D. Ala. May 31, 2011).   Based on the Court's consideration of the opinions of Swink and Fleming, its own knowledge and experience, and the factors enunciated in Johnson and Van Schaack, the Court finds these rates to be reasonable in this case as well.

The Court does find the billing rate of $175/hour for associates Matthews, Sanders, Nelson, Dean, and Norwood to be unreasonable.   "In the past, this Court has awarded the rate of $150 per hour for associates' time when their expertise is indeterminate."   Id. (citing Adams v. Austal, U.S.A., L.L.C., Civ. No. 08–0155–KD–N, 2010 WL 2496396, at *6, 2010 U.S. Dist. LEXIS 59811, at *22 (S.D. Ala. June 16, 2010) (finding the hourly rate of $150/hour reasonable for associates with a few years experience); Adams v. Austal, U.S.A., L.L.C., Civ. No. 08–0155–KD–N, 2009 WL

3261955, at *2, 2009 U.S. Dist. LEXIS 94202, at *7 (S.D. Ala. Oct. 7, 2009) (awarding attorneys with "indeterminate expertise" of $150/hour); Wells Fargo Bank, N.A. v. Williamson, Civ. No. 09–00557–KD-C, 2011 WL 382799, at *4, 2011 U.S. Dist. LEXIS 10838, at *12 (S.D. Ala. Feb. 03, 2011)).   Because Plaintiff has provided no evidence of these associates' expertise and experience, the Court finds that they are due to be awarded a billable rate of $150/hour each.

Though not expressly stated, the Court finds that the terms of the Promissory Note also allow for the recovery of time billed by paralegals and law clerks.   However, the Court rejects as unreasonable the requested $110/hour rate of the paralegals.   In several recent cases, this Court has found $75/hour to be a reasonable rate for paralegal work.   See, e.g., Denny Mfg., 2011 WL 2180358, at *5; Zuffa, LLC v. Al-Shaikh, Civ. No. 10-00085-KD-C, 2011 WL 1539878, at *9 (S.D. Ala. Apr. 21, 2011); Wells Fargo Bank, N.A. v. Williamson, Civ. No. 09-00557-KD-C, 2011 WL 382799, at *5 (S.D. Ala. Feb. 3, 2011).   This same rate has recently been found reasonable in this district for a law clerk.   See Lifeline Pharms., LLC v. Hemophilia Infusion Managers, LLC, Civ. No. 11-0398-WS-M, 2012 WL 2600181, at *3 (S.D. Ala. July 5, 2012) (Steele, C.J.).   Plaintiff has not stated the law clerk's or the paralegals' levels of experience or demonstrated that any of them possess qualifications that merit rates higher (approximately 45% higher for the paralegals) than that which the Court has approved in the past.   Thus, the Court finds that the paralegal and law clerk time allowed in this case will be reimbursed at the rate of **$75/hour**.

## 2.    Recoverable Time

Plaintiff seeks recovery for hours billed in this case between October 2010 and November 2011.   In determining whether the number of hours expended are reasonable, the Court should not include any hours that are "excessive, redundant, or otherwise unnecessary."   Norman, 836 F.2d at 1301. When awarding an attorney's fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not

7

awarded as it is to see that an adequate amount is awarded." Barnes, 168 F.3d at 428. The Court

will not permit a party to recover fees for hours that are excessive, redundant, or unnecessary, *i.e.*,

hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of

the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301 (emphasis omitted).

Additionally, "[a] court may award fees for the work of paralegals, but 'only to the extent

that [they] perform work traditionally done by an attorney.' Scelta v. Delicatessen Support Servs.,

Inc., 203 F. Supp. 2d 1328, 1334 (M.D. Fla.2002) (quoting Jean v. Nelson, 863 F.2d 759, 778 (11th

Cir.1988)). By contrast, 'work that is clerical or secretarial in nature is not separately

recoverable.' Id. (denying attorney's fees for such clerical and secretarial work as gathering

materials and copying, mailing, and refiling them)." Hansen v. Deercreek Plaza, LLC, 420 F.

Supp. 2d 1346, 1353 (S.D. Fla. 2006). See also Gowen Oil Co., Inc. v. Abraham, No. CV

210-157, 2012 WL 1098568, at *8 (S.D. Ga. Mar. 30, 2012) ("Paralegal fees are generally

recoverable in an attorney's fee award where the paralegal performs work traditionally done by an

attorney." (internal quotation omitted)) (slip copy). The same is true for work by law clerks. See

Black v. M.G.A., Inc., 51 F. Supp. 2d 1315, 1324 (M.D. Ala. 1999).

A lengthy review of the Phelps Dunbar billing statements submitted by Plaintiff reveals a

number of billing entries by paralegals for work that the Court determines to be clerical or

secretarial in nature. Consequently, Plaintiff cannot recover for the time billed in these entries.

In addition, the Court had previously determined that Plaintiff had preserved its right to be awarded

attorneys fees only as to work performed relating to the claims against and counterclaims of

Defendant 145, LLC. While Plaintiff has marked off some billing entries in response to this

determination, the Court has identified a number of billing entries that remain for work unrelated to

the case against 145, LLC. Consequently, the time billed for these entries will also be subtracted

from the number of billed hours awarded to Plaintiff.[3]

---

[3] Specifically, the Court has determined that Plaintiff cannot recover for the following billing entries:

<u>October 27, 2010 Invoice</u> (Doc. 186-2 at 1-5)
- Lundy (paralegal) – 0.3 hours omitted (clerical)
  - o  9/28/10 – prepare Accounts Payable Check Request form – 0.3 hours

<u>November 23, 2010 Invoice</u> (<u>Id.</u> at 6-11)
- Lundy – 0.3 hours omitted (clerical)
  - o  10/1/10 – docket foreclosure date in CMS and Calendar – 0.3 hours

<u>December 10, 2010 Invoice</u> (<u>Id.</u> at 12-18)
- Graham (attorney) – 0.2 hours omitted (unrelated to Defendant 145, LLC [hereinafter, simply "unrelated"])
  - o  11/9/10 – receipt, review of answers by defendants Lukinovich and Deichmann & email from Swink re jury demand by same, review reply – 0.2 hours

<u>January 28, 2011 Invoice</u> (<u>Id.</u> at 19-31)
- Graham – 1.3 hours (unrelated)
  - o  12/22/10 – review email from Swink re answer to Defendant Kessler's counterclaims – 0.1 hours
  - o  12/23/10 – phone conference with David Cherniak (Kessler's counsel) – 0.3 hours
  - o  12/23/10 – review Rule 12 motions – 0.8 hours
  - o  12/27/10 – review answers to Kessler, Deichmann, Lukinovich counterclaims, email from Swink – 0.1 hours
- Lundy – 0.5 hours (clerical)
  - o  12/13/10 – emails, phone conference re obtaining copies – 0.3 hours
  - o  12/14/10 – letter re request certified copy of mortgage, obtain filing fee – 0.2 hours

<u>February 11, 2011 Invoice</u> (<u>Id.</u> at 32-37)
- DeHora (paralegal) – 5.5 hours (clerical)
  - o  1/5/11 – update Case Notebook software – 1.0 hours
  - o  1/13/11 – locate, copy, mark documents to be produced in initial disclosures – 2.0 hours (out of 5.10)
  - o  1/14/11 – e-file notice of service of Initial Disclosures, email disclosures to counsel – 0.2 hours
  - o  1/18/11 – send pdf files of documents to copy service – 0.4 hours
  - o  1/27/11 – update Case Notebook software – 1.9 hours

<u>March 17, 2011 Invoice</u> (<u>Id.</u> at 38-45)
- Graham – 0.3 hours (unrelated)
  - o  1/20/11 – phone conference with George Irvine (counsel to Defendants Deichmann and Lukinovich) – 0.3 hours
- Swink (attorney) – 0.2 hours (unrelated)
  - o  2/25/11 – review Notice of Service of Lukinovich interrogatories – 0.1 hours
  - o  2/25/11 – review Notice of Service, Deichmann interrogatories – 0.1 hours
- DeHora – 0.3 hours (clerical)
  - o  2/11/11 – e-file notice of service of discovery, email discovery to parties – 0.3 hours

<u>April 14, 2011 Invoice</u> (<u>Id.</u> at 46-52)
- Graham – 0.7 hours (unrelated)
  - o  3/1/11 – review correspondence from Cherniak requesting documents – 0.1 hours
  - o  3/23/11 – review email from Tabb Waters re Kessler's discovery responses – 0.1 hours
  - o  3/23/11 – review pro hac vice motion of Raymond Landry (attorney for Deichmann and Lukinovich) – 0.1 hours
  - o  3/24/11 – review notice of order granting pro hac vice motion of Landry – 0.1 hours
  - o  3/25/11 – review Lukinovich's Notice of Filing Discovery Responses – 0.1 hours

- o 3/25/11 – review Deichmann's Notice of Filing Discovery Responses – 0.1 hours
- o 3/28/11 – review discovery responses of Deichmann and Lukinovich – 0.1 hours
- Swink – 0.5 hours (unrelated)
  - o 3/23/11 – review Motion to Admit Landry pro hac vice – 0.2 hours
  - o 3/23/11 – review application for admission pro hac vice of Landry – 0.2 hours
  - o 3/25/11 – review Notice of Service of Deichmann's responses to interrogatories – 0.1 hours
- DeHora – 8.5 hours (either clerical or unrelated)
  - o 3/3/11 – update Case Notebook software – 0.3 hours (clerical)
  - o 3/9/11 – prepare responses to Deichmann interrogatories – 1.8 hours (unrelated)
  - o 3/9/11 – prepare responses to Lukinovich interrogatories – 1.8 hours (unrelated)
  - o 3/24/11 – review documents for response to discovery requests of Lukinovich and Deichmann – 2.0 hours (unrelated)
  - o 3/24/11 – continue preparation of draft responses to Lukinovich and Deichmann interrogatories – 1.3 hours (unrelated)
  - o 3/25/11 – update Case Notebook software – 1.3 hours (clerical)

May 19, 2011 Invoice (Id. at 53-61)
- Graham – 1 hour (unrelated)
  - o 4/12/11 – review email from Landry re picking up documents – 0.1 hours
  - o 4/13/11 – review email from Landry re retrieving, copying and returning Lukinovich's document production – 0.3 hours
  - o 4/20/11 – review email from Tabb Watters with discovery requests from Kessler – 0.1 hours
  - o 4/26/11 – review email from Kathy Robbins to Martin Sandel, etc. – 0.1 hours
  - o 4/29/11 – review motion to amend answer filed by Lukinovich – 0.2 hours
  - o 4/29/11 – review motion to amend answer filed by Deichmann – 0.2 hours
- DeHora – 5.3 hours (clerical)
  - o 4/5/11 – travel to Vision Bank in Fairhope to pick up deposition – 0.5 hours
  - o 4/14/11 – mark documents to be produced to Lukinovich and Deichmann with "confidential" stamp, send to copy service – 0.3 hours (clerical and unrelated)
  - o 4/18/11 – prepare copies of deposition exhibits for submission into record – 0.4 hours (out of 0.9)
  - o 4/18/11 – telephone conference with court reporter requesting electronic copies of depositions – 0.1 hours
  - o 4/18/11 – email copies of depositions to Tabb Waters – 0.2 hours
  - o 4/20/11 – prepare copies of documents for submission into record – 0.4 hours (out of 1.0)
  - o 4/25/11 – gather documents requested by Swink – 0.6 hours
  - o 4/26/11 – download and save exhibits from Lukinovich deposition – 0.3 hours
  - o 4/26/11 – prepare notebook of exhibits from Lukinovich deposition – 2.1 hours
  - o 4/28/11 – update case notebook – 0.4 hours
- Zeisloft (paralegal) – 1.5 hours (clerical)
  - o 4/13/11 – travel to retrieve file materials, prepare copies – 1.5 hours
- Richard (paralegal) – 1.5 hours (clerical)
  - o 4/14/11 – deliver documents to Landry – 1.5 hours

June 20, 2011 Invoice (Id. at 62-77)
- Graham – 0.9 hours (unrelated)
  - o 5/3/11 – review emails re conference with Landry and Vision Bank settlement offer – 0.2 hours
  - o 5/11/11 – review email from Sandel to Defendant Dalton re Dalton's settlement proposal – 0.1 hours
  - o 5/12/11 – review emails to/from Dalton re settlement offer, meeting availability – 0.1 hours
  - o 5/13/11 – review emails from Wagner, Sandel, and Dalton re meeting on settlement proposal – 0.1 hours
  - o 5/16/11 – review expert disclosures filed by Cherniak – 0.3 hours
  - o 5/19/11 – review emails from Irvine and Cherniak re publication of foreclosure notice – 0.1 hours
- Swink – 0.8 hours (unrelated)
  - o 5/16/11 – review Notice of Filing Kessler's Expert Disclosure and Report – 0.8 hours

- Matthews (attorney) – 6.4 hours (unrelated)
  - 5/6/11 – review counterclaims of Dalton, Kessler, Lukinovich, Deichmann – 1.7 hours
  - 5/13/11 – legal research re standing of guarantor to contest foreclosure, availability of damages remedy for wrongful foreclosure (145, LLC not guarantor) – 3.1 hours
  - 5/14/11 – revise brief incorporating additional argument as to standing and remedy – 1.6 hours
- Dean (attorney) – 2.5 hours (unrelated)
  - 5/17/11 – preparation of objections to topics and duces tecum request included in Kessler's deposition notice of Vision Bank – 2.5 hours
- DeHora – 2.6 hours (clerical)
  - 5/3/11 – prepare and send disc containing deposition exhibits to Lucado – 0.2 hours
  - 5/5/11 – secure court reporter for depositions – 0.1 hours
  - 5/9/11 – convert spreadsheet into condensed document to be blown up – 0.8 hours
  - all 5/10/11 entries – various clerical duties – 1.2 hours
  - 5/17/11 – print amended deposition notices and discovery production – 0.3 hours

July 21, 2011 (Id. at 78-95)
- Graham – 7.2 hours (unrelated)
  - 6/9/11 – prepare for and attend deposition of Thomas Hines, banking expert of Kessler – 7.0 hours
  - 6/23/11 – review email to Faulkner re returning his original documents to Cherniak's office – 0.1 hours
  - 6/30/11 – review email from Swink re Dalton settling "in principle" – 0.1 hours
- Matthews – 1.1 hours (unrelated)
  - 6/17/11 – review amended counterclaim of Lukinovich – 0.5 hours
  - 6/17/11 – review amended counterclaim of Deichmann – 0.5 hours
  - 6/23/11 – review letter from Cherniak re discovery requests – 0.1 hours
- DeHora – 0.6 hours (clerical)
  - 6/7/11 – meet with Pro Legal Copies to review files, confirm copying and scanning order – 0.5 hours
  - 6/7/11 – cancel deposition and court reporter for Philip Paulk – 0.1 hours

August 18, 2011 Invoice (Id. at 96-111)
- Graham – 1.3 hours (unrelated)
  - 7/14/11 – phone conversation with Cherniak re settlement and discovery – 0.5 hours
  - 7/20/11 – review of forwarded email from Kessler to Sandel requesting to discuss settlement, response of Sandel – 0.1 hours
  - 7/20/11 – review email from Sandel re meeting with Kessler to discuss proposed resolution and documents needed from Kessler – 0.1 hours
  - 7/22/11 – review email from Sandel to Kessler re meeting request, review of financial statements – 0.1 hours
  - 7/22/11 – review email from Sandel to Kessler re meeting and need for attorney's approval and financial statements – 0.1 hours
  - 7/27/11 – review email to Stephen Harvey re pdf of final executed documents on settlement with Dalton – 0.1 hours
  - 7/29/11 – phone conference with Irvine re amount due – 0.2 hours
  - 7/29/11 – preparation of email to Irvine re funds from Dalton settlement – 0.1 hours
- DeHora – 0.1 hours (clerical)
  - 7/1/11 – email draft declaration to Shawn Brantley – 0.1 hours

September 15, 2011 Invoice (Id. at 112-20)
- Graham – 3.8 hours (unrelated)
  - 8/1/11 – review of proposed stipulation and order re Dalton settlement – 0.1 hours
  - 8/2/11 – phone conference with Lucado and Jessica Wehby re settlement and Dalton dismissal of claims – 0.2 hours
  - 8/2/11 – review email from Jennifer Weyby regarding revisions to settlement documents and dismissal of claims – 0.1 hours
  - 8/3/11 – review Kessler's motion to stay – 0.3 hours

Taking into account the above-stated considerations, the Court finds sufficient evidentiary support to award Plaintiff the following number of billed hours and consequent billed amounts:

---

- o   8/3/11 – review Kessler's motion to deem requests admitted – 0.1 hours
- o   8/3/11 – review email from Sandel re Deichmann matters – 0.1 hours
- o   8/3/11 – review of email from Landry re Deichmann matters – 0.2 hours
- o   8/4/11 – revise response to Kessler's interrogatories – 0.4 hours
- o   8/5/11 – review draft response to motion to stay and deem facts admitted (filed by Defendant Kessler) – 0.7 hours
- o   8/5/11 – review email from court re response to opposition to motion to stay – 0.2 hours
- o   8/9/11 – review email from Sandel to Kessler rejecting settlement offer – 0.1 hours
- o   8/16/11 – review email from Lucado approving stipulation of dismissal/order, etc. – 0.1 hours
- o   8/16/11 – review email to Landry and Irvine re joint stipulation of dismissal as to Lukinovich – 0.1 hours
- o   8/17/11 – review email from Swink re consent from Landry and Irvine to file stipulation and proposed order – 0.1 hours
- o   8/18/11 – review email from Swink to Landry and Irvine regarding what Judge requires resolving claims/counterclaims – 0.1 hours
- o   8/18/11 – review email from Swink regarding no progress on Kessler – 0.1 hours
- o   8/18/11 – review email from Harvey regarding settlement documents – 0.1 hours
- o   8/18/11 – review email from Landry re using same documents, adjusting due dates – 0.1 hours
- o   8/18/11 – review email from Sandel re finalizing settlement documents – 0.1 hours
- o   8/18/11 – review email from Swink re Kessler opposition to summary judgment – 0.1 hours
- o   8/18/11 – review response of Kessler – 0.3 hours (out of 0.6)
- o   8/19/11 – review Court's Order re Stipulation of Dismissal of Dalton and Lukinovich – 0.1 hours
- Swink – 8.2 hours (unrelated)
  - o   8/3/11 – review Kessler's motion to deem requests for admission admitted – 0.3 hours
  - o   8/3/11 – review Kessler's motion to stay – 0.3 hours
  - o   8/3/11 – work on resolving matters related to Kessler discovery pleadings – 3.2 hours
  - o   8/3/11 – continued work on Kessler issue in discovery – 0.5 hours
  - o   8/5/11 – prepare and file opposition to motion to stay – 2.5 hours
  - o   8/5/11 – prepare and file response to motion to deem requests admitted – 0.5 hours
  - o   8/16/11 – revise and file stipulation of pro tanto dismissal of claims between Vision Bank and Dalton – 0.2 hours
  - o   8/17/11 – preparation and filing of stipulation of dismissal between Vision Bank and Lukinovich – 0.5 hours
  - o   8/19/11 – review Court's Order re stipulation of dismissal of Dalton and Lukinovich – 0.2 hours

October 19, 2011 Invoice (Id. at 121-24)
- Graham – 0.1 hours (unrelated)
  - o   9/23/11 – review emails re joint stipulation on Deichmann – 0.1 hours
- DeHora – 0.3 hours (unrelated)
  - o   9/7/11 – prepare draft stipulation, proposed order – 0.3 hours

November 11, 2011 Invoice (Id. at 125-27)
- DeHora – 0.4 hours (unrelated)
  - o   10/17/11 – review billing invoices in Vision Bank v. Deichmann – 0.4 hours

Pro Forma Statement dated 11/17/11 (Id. at 128-32)
- Graham – 0.3 hours (unrelated)
  - o   11/3/11 – phone conference with Cherniak re settlement – 0.3 hours
- DeHora – 0.2 hours (clerical)
  - o   11/7/11 – remove settings from calendar – 0.2 hours

- Graham (attorney) – **224.7 hours** x $250/hr = **$56,175.00**

- Swink (attorney) – **280.5 hours** x $225/hr = **$63,112.50**

- Matthews (attorney) – **109.1 hours** x $150/hr = **$16,365.00**

- Sanders (attorney) – **106.3 hours** x $150/hr = **$15,945.00**

- Nelson (attorney) – **33.3 hours** x $150/hr = **$4,995.00**

- Dean (attorney) – **3 hours** x $150/hr = **$450.00**

- Norwood (attorney) – **0.2 hours** x $150/hour = **$30.00**

- DeHora (paralegal) – **117.6 hours** x $75/hr = **$8,820.00**

- Lundy (paralegal) – **1.8 hours** x $75/hr = **$135.00**

- Picciola (paralegal) – **0.2 hours** x $75/hr = **$15.00**

- Zeisloft (paralegal) – **0 hours**

- Richard (paralegal) – **0 hours**

- Longmire (law clerk) – **1 hour** x $75/hr = **$75.00**

Thus, the Court awards Plaintiff a total of **$166,117.50** in attorneys' fees in this matter.

## B. Expenses

Plaintiff claims to have incurred expenses in the amount of **$9,417.74**. The expenses are designated as a "per month" line item amount on the Phelps Dunbar itemized monthly statements, and are labeled as "disbursements." (See Doc. 186-2 at 5, 11, 18, 31, 37, 45, 51-52, 61, 77, 94, 110-11, 120, 124, 127). Having reviewed the billing records of Phelps Dunbar submitted by Plaintiff, the Court finds these expenses to be both supported by the evidence and reasonable and awards Plaintiff the full requested amount.

## III. Conclusion

Accordingly, it is **ORDERED** that Plaintiff SE Property Holdings's second request for

attorneys' fees and expenses (Doc. 186) is **GRANTED in part** and **DENIED in part**.    Plaintiff is

awarded **$166,117.50** in attorneys' fees and **$9,417.74** in expenses.    Final judgment against 145,

LLC shall issue by separate document.

 **DONE** and **ORDERED** this the **20**th day of **December 2012.**

    /s/ Kristi K. DuBose      
    **KRISTI K. DuBOSE**
    **UNITED STATES DISTRICT JUDGE**